BERRY *v.* PRIDDY.

[88 South. 517, No. 21858.]

1. MALICIOUS PROSECUTION. *Malice and want of probable cause must concur.*

An action for malicious prosecution cannot be maintained unless want of probable cause and malice on the part of the defendant in the prosecution complained of concur.

2. MALICIOUS PROSECUTION. *"Probable cause" defined.*

"Probable cause" is the existence of facts known to the defendant at the time he instituted the prosecution complained of sufficient to induce in the mind of a reasonable man a belief in the guilt of the accused.

APPEAL from circuit court of Alcorn county.
HON. C. P. LONG, Judge.

Action by H. B. Priddy against W. S. Berry for malicious prosecution. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*W. J. Lamb* and *G. C. Moreland,* for appellant.

We cannot agree with learned counsel for appellee when they say there was no question of probable cause. The law governing probable cause as a question for the jury is correctly stated in original brief of G. C. Moreland, in the following language: "The court should not instruct the jury that probable cause is proved unless the facts are agreed by the pleadings or submitted to the court by the parties." *Miller* v. *Brown,* 23 Am. Dec. 695. This must be the law. Counsel never referred to this authority cited by us in our original brief.

In the case at bar, the facts were neither agreed by the pleadings nor submitted to the court by the parties. On the contrary, to say the least of it, the evidence in this case was conflicting and should have been submitted to the jury.

Counsel for appellee contend that proof of acquittal of defendant on a criminal charge either by a jury or the committing magistrate is *prima-facie* evidence of probable cause, and cite 17 Ann. Cas. 66; *Whitfield* v. *Westbrooks,* 40 Miss. 311, and 18 R. C. L. 42, as sustaining this contention.

In the case of *Whitfield* v. *Westbrook,* 40 Miss. 317, this court approved a charge declaring this principle of law, but in doing so the supreme court uses the following language: "The second instruction is correctly stated, and belongs to that class of presumptions of law, which Mr. Greenleaf, in his work on evidence, denominates disputable presumptions of law, as contra-distinguished from conclusive presumptions of law. In the former the law itself, without the aid of a jury, infers the existence of an unknown fact, from the proved existence of another in the absence of all opposing evidence; and if none such be offered, the jury are bound to find in favor of such presumption of law."

The reference by counsel for the appellee to 18 Am. Eng. Anno. Cas., p. 66, is the mere citation of authorities contained there in the notes. The note starts out with the following rule: "In a majority of the jurisdictions wherein the question has been considered it has been held that

an acquittal in a criminal prosecution is not, *per se, prima-facie* evidence, in an action for malicious prosecution arising out of such prosecution of want of probable cause for instituting the prosecution, and standing alone is insufficient to sustain a holding of want of probable cause.

The above quotation is announced to be the general rule held by all the courts of last resort, except wherein the minority rule is stated, and that is sustained by one case from Mississippi, the *Whitfield* v. *Westbrook, supra,* and two cases in the early reports of Pennsylvania, and one case by the Federal district court discussing the rule in the state of Pennsylvania.

We respectfully refer the court to the authorities in 18 Anno. Cas., pages 65 and 66. The first case that we have been able to find that sheds any light on the subject decided by this court is the case of *Greenwade* v. *Mills,* 31 Miss. 466.

This instruction is clearly erroneous. It makes the liability of the defendant, for the alleged grievance to the plaintiff, to depend solely upon whether or not there was probable ground for instituting the prosecution, but the settled rule upon the subject is, that the prosecution must have been instituted not only without probable cause, but also with malice, in order to render the prosecutor chargeable. *Armer* v. *Darling,* 4 Burr. 1917; *Munns* v. *Dupont,* 3 Wash. C. C. R. 31. If this was not so, every informer would be liable in damages in the event of an unsuccessful prosecution, however honestly he may have acted in endeavoring to bring a party whom he believed to be guilty, to punishment; and however well the apparent facts under which he acted may in themselves have justified the charge, if he committed an honest error in judgment, or if it turned out from evidence not known to him, that the accusation was without just foundation; and this would be productive of the great evil of deterring individuals from the hazard of attempting to bring criminals to punishment. But the rule is wisely settled, that such prosecutor will not be liable, unless the charge be shown to be wilfully false, as well as without probable cause. *Johnstone* v. *Sutton,* 1 T. R. 540; *Coken* v. *Morgan,* 6 D. & R. 8. It is true, that malice may be inferred by the

jury from the circumstances, and from the want of probable cause. Still, it must be found to exist, and, in the language of TINDALL, Chief Justice, there ought to be enough in the circumstances to satisfy a reasonable man that the accuser had no ground for prosecuting but his desire to injure the accused. *Williams* v. *Taylor,* 6 Bing. 186. Indeed, malice is the very gist of the action and it is manifest that there might be want of probable cause, and yet no malice.

The next case decided by this court to which we wish to call the court's attention, is the case of *Threefoot* v. *Nichols,* 68 Miss. 123, wherein the court says as follows: "The want of probable cause and malice must conjoin to warrant a recovery in cases of this character, and no man is to be punished by an adverse judgment in a suit for malicious prosecution, because when he began the criminal prosecution he had not in his possession facts sufficient to create probable cause. There must not only be a want of knowledge of such facts, but there must be a malicious intent conjoined thereto, and the guilt of the accused must in every case be a perfect defense. As was said in *Johnson v. Chambers,* 10 Iredell: "The defendant is only to be fixed with a want of probable cause by what he knows when he commences the prosecution, although he is allowed to protect himself by any facts which he is able to afterwards prove which show the plaintiff to be guilty, or which tend to show it."

Again, on the same point, we wish to refer to the court to what is said on the subject in 1 Cooley on Torts, p. 334; *Munns* v. *Dupont,* 3 Wash. C. C. R. 31; *Broad* v. *Ham,* 5 Bing (N. C.) 722; *Pangburn* v. *Bull,* 1 Wend. 345; *Thomas* v. *Rouse,* 2 Brev. 75; *Master* v. *Deyo,* 2 Wend. 424; *Paris* v. *Waddell,* 1 McMullan, 358; *White* v. *Fox,* 1 Bibb. 369; *Williams* v. *Norwood,* 2 Yerg. 329; 18 R. C. L., page 30, sec. 17.

The appellant may have had all kinds of malice, but still that does not give the right to the appellee to recover if the appellant had probable cause. 18 R. C. L., sec. 19, page 33, 18 R. C. L., sec. 21, page 36.

The appellant in this case certainly had appearances and facts as well, to believe that Priddy was guilty as

charged of perjury, and even if he was discharged by the justice of the peace, still, the appellant was justified in making the affidavit charging him with perjury. It was the duty, and the law required the appellee to prove want of probable cause on the part of the appellant, and it was the duty of the jury to say whether or not the appellee had proved the want of probable cause, but the court relieves the appellee of this duty and assumes this roll itself, and gives a peremptory instruction, and at this the appellant complains. 18 R. C. L., sec. 52, page 51.

All the appellant is asking, is that the jury be allowed to pass on the fact whether or not the appellee, plaintiff in the court below, met the burden of proof required by him to show there was no probable cause and there was malice on the part of the appellant when he prosecuted him for perjury, and complaining at the court refusing to allow the jury to pass on either of these questions and directing them and compelling them to return a verdict for the appellee.

The law is that the plaintiff must bring home to the defendant and show there was no probable cause for his prosecution but must also show that the defendant knew this to be the fact. 18 R. C. L., sec. 34, page 52.

Counsel for appellant contend and all they are contending in this case is, that this case on the record as it is made, should have been submitted to the jury and let the jury have determined under proper instructions of the court whether or not there was probable cause or malice, for the appellee was not entitled to recover unless he showed by facts and a preponderance of the evidence that there was no probable cause, and that there was malice on the part of the appellant, and if the appellee failed to prove either of these facts by a preponderance of the evidence, then he was not entitled to recover.

*Thos. H. Johnston* and *W. C. Sweat,* for appellees.

Counsel argues, and we are willing to concede that as to the question of "want of probable cause," it is a mixed question of law and fact; and if the facts are in dispute on the question of probable cause, it is for the jury to find

what the facts really are, but it is always for the court to say whether the facts constitute probable cause. But as we view the facts embodied in this record, it seems to us, that there is no question as to the want of probable cause.

In the first place, proof of the acquittal of the defendant on a criminal charge, either by a jury, or by the committing magistrate, as happened in this case, is *prima-facie* evidence of want of probable cause. 18 Ann. Cas. 66; *Whitfield* v. *Westbrooks,* 40 Miss. 311; 18 R. C. L., page 42.

This *prima-facie* case of want of probable cause had to be overcome by the defendant, or else there was nothing left for the court to do but to instruct the jury that there was no probable cause for the prosecution.

Appellant contends that the facts and circumstances testified to by him, were in themselves sufficient to show that he had probable cause to institute the proceeding; but he testified on cross-examination, that all these facts and circumstances which he related to the jury in the case at bar, he had before a practicing attorney, and asked his advise about the matter, and this attorney advised him there was nothing in it. Not satisfied with this he laid the same facts and circumstances before another attorney, also advised him there was nothing in it; but notwithstanding all this, he instituted the prosecution. Instead of showing that he had probable cause to believe Priddy guilty of perjury, and thus overcoming the *prima-facie* case against him on this question, defendant's own evidence shows conclusively that there was want of probable cause for the prosecution. We think there can be no question as to the correctness of the peremptory charges as to this question.

As to the question of malice, necessarily embodied in this charge, we concede that the courts all hold that the question of malice is always for the jury. That is if there is a question of malice; but we contend that if malice is shown beyond question and beyond any inferences to the contrary there is no question for the jury to pass upon.

We believe the true rule is laid down in 19 Am. & Eng. Ency. of Law (2 Ed.), page 676, where it is said: "A frequenty stated rule is that malice in an action of mali-

cious prosecution is a question of fact for the jury. But the issue is not, it is believed, invariably or exclusively for the jury, though it may be practically so where a finding of malice in fact is warranted. Malice in law, in actions of malicious prosecution, is certainly a mixed question of law and fact." Practically the same rule is laid down in 26 Cyc. 109, and 110. *Reisan* v. *Mott,* 17 A. S. R., middle of page 491.

We contend that the testimony of the appellant himself shows so clearly and conclusively that his actions were actuated by malice, that no other inference than that of malice could be drawn therefrom, he practically admits as much. It is true that he did not in so many words say: "I prosecuted the defendant through malice," but everything that he did and everything he said shows indubitably and beyond questions that his acts were malicious.

This wholesome rule of law is laid down in 19 Am. & Eng. Encl. (2 Ed.), p. 680, in the following language: "It has been held, however, that a legal inference of malice arises in cases where the prosecution is shown to have been instituted not only without probable cause, but with an entire absence of cause, as where the charge made is knowingly and wilfully false."

This court in the case of *Brett* v. *State,* 94 Miss. 674, in distinguishing between the term "malice" and "malice aforethought" defined the term "malice" as follows: "Malice comprehends ill-will, and illness of disposition, cruelty, recklessness, a mind regardless of social duty, etc."

Jones on Evidence in quoting from an English jurist defines the terms as follows: "Malice, in common acceptations, means ill-will against a person, but in its legal sense it means a wrongful act done intentionally without just cause or excuse. 1 Jones on Evidence, Sec. 29.

We have shown above that the peremptory instruction was properly given in so far as the lack of probable cause is concerned. We contend that no other inference can be drawn from the testimony in this case than that the defendant brought this prosecution against Priddy intentionally and without just cause or excuse; that it was done recklessly and without regard for his duty to the plaintiff or to the public and was therefore maliciously done. There

was nothing to submit to the jury on this issue. There was nothing for the jury to pass upon. Malice was conclusively shown. There being no issue of fact to submit to the jury, a peremptory charge was properly granted. *Bartlett* v. *Hawley,* 37 N. W. 580; *Buggs* v. *Richmond,* 10 Pick. 395; *Clement* v. *Major,* 44 Pac. 776; *Colgan* v. *Sullivan,* 109 Atl. 568.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a judgment awarding the appellee damages in an action for malicious prosecution. The basis of the action is a charge of perjury lodged by the appellant against the appellee with a justice of the peace, who, after hearing the evidence, discharged the appellee.

The affidavit charging the appellee with perjury set forth that in a certain lawsuit in the circuit court of Alcorn county, wherein "it became and was necessary to inquire into the size of a certain bit used in reaming out a certain well, and whether he (the appellee) reamed out the well the same diameter all the way down," the appellee, disregarding his oath, "did . . . swear falsely that he and the said H. B. Priddy used a four-inch bit in reaming out the said well, and that he reamed out the well the same diameter all the way down, which said testimony the said H. B. Priddy knew to be false when he deposed the same," etc.

It appears from the evidence that the appellee contracted with the appellant to ream a certain well four inches for its entire depth, using a four-inch bit for that, purpose, and that the appellee did ream the well, but was refused payment therefor by the appellant on the ground that its diameter was less than four inches. The appellee then sued the appellant on the contract in the court of a justice of the peace wherein judgment was rendered against him, but on appeal to the circuit court judgment was there rendered in his favor for the amount claimed by him.

The appellee admitted that he testified on the trial in the circuit court and claims that the truth is that he

reamed the well four inches for its entire depth, using a four-inch bit for that purpose. The appellant testified that the well, which was one hundred twenty-nine feet deep, was reamed by the appellee four inches for a depth of only eighty-eight feet; that a bucket three and one-half inches in diameter would descend only that distance; and that a pipe two and one-half inches in diameter would descend only a few feet further. In this he was corroborated by another witness. The appellant also testified that the appellee testified on the trial before the justice of the peace "that he didn't ream it (the well) out four inches all the way down, contending that he lacked an eighth of an inch." The appellee denied that he so testified before the justice of the peace, but stated, on the contrary, that his testimony in that court was the same as in the circuit court.

There was testimony to the effect that the appellant had been advised by an attorney that the prosecution of the appellant for perjury could not be maintained, and there was also evidence tending to show malice on the part of the appellant in charging the appellee with the commission of perjury.

The court below directed the jury to return a verdict for the appellee, leaving to it the determination only of the amount of damages, in response to which instruction the jury returned a verdict in favor of the appellee for three thousand dollars, and there was a judgment accordingly.

An action for malicious prosecution cannot be maintained unless probable cause and malice on the part of the defendant in the prosecution complained of concur. Probable cause is the existence of facts known to the defendant at the time he instituted the prosecution complained of sufficient to induce in the mind of a reasonable man a belief in the guilt of the accused. 19 Am. & Eng. Ency. L. 657; *Threefoot* v. *Nuckols,* 68 Miss 116, 8 So. 335. If it is true, then, that the well was not reamed four inches for its entire length, and that the appellee so testified on the trial before the justice of the peace, which facts were on the evidence for the determination of the jury; the appellant had probable cause to believe that the appellee committed perjury when he testified on the trial in the

circuit court that the well had been reamed four inches for its entire depth. The request for a directed verdict therefore, without reference to the other questions argued by counsel, should have been refused.

*Reversed and remanded*