KING *v.* WEAVER PANTS CORPORATION *et al.*

(Division B. April 14, 1930.)

[127 So. 718. No. 28585.]

**T. A. Clark,** of Iuka, for appellant.

W. C. Sweat, and Conn & Conn, all of Corinth, for appellees.

Ethridge, P. J., delivered the opinion of the court.

The appellant, Mrs. N. E. King, was plaintiff in the court below and filed a suit against the appellee for damages caused by the arrest and imprisonment of Mrs. King upon an affidavit filed by I. R. Longenecker, which charged that Mrs. King "did on or about the 11th day of January, 1929, in said district, county and state, wilfully and unlawfully remain upon the enclosed lands of the Weaver Pants Corporation, a corporation duly char-

tered and incorporated, after being requested by the affiant, then and there the agent of the said Weaver Pants Corporation, to depart therefrom. Against the peace and dignity of the State of Mississippi.''

At the close of the evidence there was a peremptory instruction for the defendant. It appears that Mrs. King, prior to and on the 11th day of January, was working for the Weaver Pants Corporation as an employee, and that there had been some disturbance between the employees working with Mrs. King and herself, which had been reported to Mr. Longenecker, the superintendent of the plant. Mrs. King was sent for and came to the office where Longenecker was and was told, ''Get your hat and coat and go home.'' She refused to do so and testified that she was ordered by him to go home, and that she said she would not do it, and asked him why, and he said, ''No difference what it is; go home.'' Mrs. King testified: ''I said 'I will not do it' . . . and I went back to work.''

It further appears from the evidence that after Mrs. King refused to leave at the request of the superintendent her daughter was induced to go talk with her and ask her to go home, and that she did try to do so, but Mrs. King refused to leave the premises. Whereupon Mr. Longenecker, the superintendent, sent for the attorney of the company and had a consultation with him and was advised by him to have Mrs. King arrested. Mr. Longenecker thereupon went to the office of the county prosecuting attorney and the county prosecuting attorney made out the affidavit above quoted and took it before a justice of the peace and swore to it, and the justice of the peace issued process upon the affidavit and placed it in the hands of the sheriff who arrested the appellant, carried her to his office, and, in default of bond, placed her in the county jail where she remained during the night following the arrest. On the following morning she was released on bond and went home and went to bed where she remained for a long time, being excited, nerv-

ous, and ill from the effects of the arrest and imprisonment. After she was arrested for the offense above set out, three of the employees, other women working for the appellee, instituted peace bond proceedings against Mrs. King but which did not appear to have been pressed, and she was not detained on them.

It appears to be the contention of the appellant that inasmuch as Mrs. King was employed at the place of business of appellee that she was rightfully there and not required to leave when ordered to do so by the superintendent of the appellee company. The prosecution is founded upon section 1196 of Hemingway's 1927 Code (section 1394, Code of 1906), which reads as follows: "If any person shall go upon the inclosed land of another without his consent, after having been notified by such person or his agent not to do so, either personally or by published or posted notice, or shall remain on such land after a request by such person or his agent to depart, he shall, upon conviction, be fined not more than fifty dollars for such offense. The provisions of this section shall apply to land not inclosed where the stock-law is in force."

The proof was undisputed that the property upon which Mrs. King was at the time of her discharge was inclosed. It was undisputed that the superintendent had authority to discharge her. This being true, when the appellant was discharged by Mr. Longenecker, the superintendent, and requested to leave the property, it was her duty to do so, and when she failed to do so she violated the above statute, and upon her own testimony she was guilty of so doing. There is a dispute in the evidence as to whether Mrs. King had threatened and abused other employees of the company or not, but she was not arrested upon a charge of assaulting these employees or for threatening their lives, and this only becomes material, if at all, upon the rightfulness of the discharge of Mrs. King by the superintendent of the company. It does not appear that Mrs. King was employed for any definite period, nor does

it appear that the superintendent did not have the absolute right to discharge her at any time with or without reason therefor. As the superintendent had the right to discharge her and did so, it became the duty of Mrs. King to leave the inclosed premises upon his request, and, when she failed to do so, she violated the statute above set out.

It appears that after Mrs. King had been arrested and placed in the jail some one, on behalf of the Weaver Pants Corporation, reported to the justice of the peace that the company had no desire to press the prosecution, provided Mrs. King would remain away from the premises of the said corporation. An attorney purporting to represent Mrs. King reported to the justice of the peace, who issued the process and before whom it was returnable on the night of her arrest that she was willing to remain away if the charge was not pressed, and it never came to trial, being subsequently dismissed, but the justice of the peace did not direct the sheriff to discharge her.

The appellant contends that it is not necessary to prove either malice or want of probable cause to sustain the cause of action here. This court has decided that in a suit for malicious prosecution it is necessary for the plaintiff, in order to recover, to allege and prove both malice and want of probable cause. Berry v. Priddy, 126 Miss. 125, 88 So. 517. It is therefore evident that the plaintiff could not recover on the theory of a malicious prosecution. If the proceeding was for false imprisonment it cannot likewise be sustained, because it is a complete defense to an action for false imprisonment that the arrest or detention was by virtue of process legally sufficient in form and duly issued by a court or official having jurisdiction to issue. 25 C. J. 473. The fact that she was subsequentlydischarged does not effect the rightfulness of the imprisonment; she was duly arrested upon legal process for an offense which her own testimony shows she had committed. A person is not liable for resorting to a court to prosecute a person for violation of

a law if the proceeding is sustained by the facts, or if there is probable cause for believing that they will be sustained upon the hearing. A person is not liable merely because a subsequent trial acquits the defendant, or the defendant is discharged without trial, if there was in fact probable cause for arrest, and the arrest was made in the regular and proper manner. We, therefore, hold that the court was right in granting a peremptory instruction, and the judgment is affirmed.

Affirmed.