GUNTER *v.* REEVES.

(In Banc.  March 26, 1945.  Suggestion of Error Overruled May 14, 1945.)

[21 So. (2d) 468.  No. 35791.]

Barnett, Burnett, Jones & Stone, of Jackson, and Bidwell Adam, of Gulfport, for appellant.

**Mize, Thompson & Mize** and **Jo Drake Arrington**, all of Gulfport, for appellee.

Argued orally by **Ross R. Barnett**, for appellant, and by **Jo Drake Arrington**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

During the period here involved, the parties occupied adjoining interurban property. Serious differences arose between them, one of the complaints by appellant against appellee being that he kept confined in his yard a number

of dogs and that they howled all night. On or about April 19, 1943, three pickets were taken from the fence which confined the dogs, and some days later appellee made an affidavit for a warrant for the search of appellant's premises, the affidavit charging in effect that appellant had stolen the pickets. The affidavit and warrant were prepared by the district attorney on the basis of facts related to him by appellee, and the warrant was issued by the county judge.

It is undisputed that three pickets had been taken from the fence of appellee next adjoining the property of appellant. The officer served the warrant and searched the premises, and also the lot of land belonging to a sister of appellant next to that of appellant, and on the rear of the sister's lot the pickets were found, and, when taken to the fence, were found in every respect to fit, including even the nail holes. Appellant was put under bond, but the affidavit necessary to place her on trial was never made, and subsequently on the direction of the district attorney, the matter was dismissed from the docket of the county court, the statement by the district attorney as a witness in the present case being that appellee came to him, at a date later than the issuance of the search warrant, and told him, the district attorney, that he did not care to make an affidavit or pursue the matter any further, that he talked to appellant's husband and that everything had been adjusted.

A few days after the dismissal in the county court appellant as plaintiff filed her action against appellee in the circuit court, demanding a large sum in damages, the declaration charging in five counts, (1) slander, (2) libel, (3) false arrest, (4) malicious prosecution, and (5) actionable words. To each count appellee filed his plea of the general issue, and to those to which such pleas were appropriate he plead privilege, justification, and probable cause. The trial resulted in a verdict for the defendant on all counts.

The count for libel was based solely on the allegations made in the affidavit for the search warrant, and nothing is shown to take that allegation out of the general rule that matter published in that manner, that is to say, in a judicial proceeding, is absolutely privileged. 3 Rest. Torts, Sec. 587; 33 Am. Jur., Libel & Slander, Sec. 148. The count on false imprisonment is based on the arrest of appellant by the officer who served the search warrant in obedience to the command therein so to do. False imprisonment cannot be based on an arrest and imprisonment under a valid warrant. King v. Weaver Pants Corp., 157 Miss. 77, 127 So. 718; 35 C. J. 532; Rest. Torts, Sec. 122. The recourse of the arrested person, if any, in such cases is an action for malicious prosecution. Appellee was entitled to a peremptory instruction on the two counts mentioned in this paragraph.

This left the three counts, slander, actionable words, and malicious prosecution, although the trial proceeded under all five. The counts on slander and actionable words were based on statements alleged to have been made by appellee in the presence of appellant and others while the search was in progress. Both the deputy sheriff and appellee himself denied that any such statements as charged were made, and in view of the verdict these two counts disappear, unless the verdict is to be reversed for the admisssion of improper and harmful evidence.

It is upon complaints by appellant of the admission of improper evidence that the assignments of error are based in the main, in which connection it is to be stated that if the evidence was admissible under any one of the five counts it would have to be received, since the case was tried on all of them. The truth of the charge made by appellee against appellant was competent, therefore, under two of them, and particularly as to the count for malicious prosecution.

Much of the evidence of which appellant complains was admissible as going to show a motive on the part of appellant in respect to the taking of the pickets. That rule

is so well understood and is so firmly established that we quote only from 16 C. J., p. 547, as follows: "The rules that evidence tending to show motive or the absence of motive on the part of the accused is relevant and admissible, and that a wide latitude in the admission of this kind of evidence is permissible, are particularly applicable . . . in cases of circumstantial evidence, motive being a circumstance bearing on the identity of the accused as the perpetrator of the offense."

It would unduly prolong this opinion, and at last would be of no useful service, to enter upon the lengthy details of all the many objections to the evidence, but with the exception, later to be noticed, we must be content with the summary that much of it, embraced within the objections, was competent under the rule respecting motive; much of it was received without sufficient objections or without any objection at all, and in many instances the objections were in fact sustained, and much of it was in response to matters which appellant herself had introduced. In all other cases, save in the instance now to be mentioned, where sufficient objections to inadmissible evidence were overruled, the evidence, when the whole case is looked to, cannot be said to have been actually harmful with a sensible jury.

The exception which requires more extended notice is this, and we quote from the transcript of a part of appellee's testimony:

"A. A few weeks after this happened, Doctor Gunter, Mrs. Gunter's husband, come into my living room.

"Plaintiff objects, to any conversation between the witness and Doctor Gunter.

"Overruled.

"Q. Go ahead? A. Doctor Gunter come into my living room and shook hands, and told me that he wanted to talk to me about a little matter, and I knew what he wanted to talk to me about, and he said that he was sorry that his wife humiliated me and harassed me, and that he felt no ill will toward me, and I told him that I did not,

and he told me that he knew of my illness, and his wife was not feeling good, and we were both ill, and he told me as he had never mistreated me or had his daughter that he did not believe that his wife really meant to steal my pickets, that she did it for spite, that she did not need the pickets, and that he would like very well for me to forget it, to forget about the whole thing, and perhaps we would never have any more trouble.

"Plaintiff moves to exclude the answer of the witness, because incompetent.

"Overruled.

"Q. Did you agree to do that? A. I told him that I would advise with the District Attorney, that he had advised me to sign this paper for a search warrant, and that as far as I was concerned I would be glad to dismiss it; I was in very ill health, I did not mean she meant to steal the pickets, I knew it was done for spite and through hatred, and I thought when I raised my voice against Mrs. Gunter's depredation against my home she would let me alone and let me live my life in peace."

If there had not been a count for malicious prosecution no part of the quoted testimony would have been competent, and its admission would constitute reversible error. We have already mentioned that the district attorney, on the subsequent request of appellee, dismissed the proceedings instituted at the instance of appellee. In Vol. 3, Rest. Torts, Sec. 665, and in the Comments on Subsection (2) thereunder, it is stated that if the action of the public prosecutor in dismissing the prosecution was at the instance of the private prosecutor, the inference that the latter had no probable cause for his action in initiating the proceedings would be permissible. The situation here was such, then, that it was incumbent on appellee to show that his request to dismiss was upon some other reason than that of the want of probable cause, whence the quoted testimony was in a large part competent. When any adverse inference of fact prima facie is permitted

to be raised against a party, he is allowed as a part of the rule to rebut the inference, if he can, by further facts.

It is obvious, however, on a glance, that a part of the quoted testimony was not competent under any count or for any purpose; but it is to be observed, at the same time, that the objection was in general and not in specific terms, whereas the rule is that ''in objections to testimony, part of which is admissible and part inadmissible, specific objections must be made to the inadmissible part, separating it from the admissible, and, unless so done, the objection will be overruled in toto, if any part of the testimony be admissible or be competent for any purpose. Whittington v. State, 160 Miss. 705, 710, 135 So. 190; Bryant v. State, 172 Miss. 210, 214, 157 So. 346.

We have not overlooked the contention that unless the husband is shown to have been acting as the authorized agent of the wife, no statement made by him either as a witness or otherwise can be used against the wife in any litigation to which she is a party. This rule is not to be applied, however, when and so far as the statement or admissions are to explain the conduct of a third person, the third person here being the appellee and his withdrawal of the prosecution being the conduct to be explained. 70 C. J., p. 141, note 35.

Nor have we overlooked the suggestion that because appellee asserted that he had made a full disclosure to the district attorney and acted on his advice, this, if believed, would furnish a complete defense to the count on malicious prosecution, and that having this defense it was not necessary to resort to the above quoted testimony. So long as the said count stood before the court and jury the defendant had the right to make as many defenses to it as he had; wherefore, error cannot be worked out by means of the stated suggestion.

The proof was sufficient without the quoted evidence to sustain the verdict on the issue of probable cause, and for the reasons stated there were no reversible errors in the admission of testimony. We have carefully ex-

amined the other assignments and find nothing therein which would justify our interference.

Affirmed.

PARTIALLY DISSENTING OPINION.

**Smith, C. J.,** delivered a partially dissenting opinion.

The count for slander in the appellant's declaration is based on the statement alleged to have been made by the appellee to the appellant, in the presence of others, when she was arrested by the deputy sheriff that, ''You (meaning the plaintiff herein) stole some pickets off of my fence, and we have come here to have you arrested for stealing them, and have a search warrant to search your premises.'' The evidence as to whether this language was used by the appellee, and as to whether the appellant was guilty of stealing the appellee's pickets, was in conflict. The whole of the appellee's testimony as to his conversation with Dr. Gunter, the appellant's husband, set forth in the controlling opinion, was, of course, incompetent under this count of the declaration, and its prejudicial effect on the appellant's contention that she had not stolen the pickets is not open to doubt, and unless it was admissible under the malicious prosecution count, the judgment of the court below should be reversed.

It is true that when it appeared that the district attorney had dismissed the prosecution against the appellant, at the appellee's request, it devolved on him to show that his reasons for making this request of the district attorney, ''were such that from them no inference of lack of probable cause can properly be drawn,'' 3 Rest. Torts, Sec. 665, Comment on subsec. 1.

Among such reasons, and the one sought here to be shown, is that the dismissal of the prosecution was pursuant to an agreement of compromise, not with the appellant, but with her husband. Had such a settlement been made by the appellee with the appellant, or with another authorized by her to make it, or if it had been

accepted by her after being informed thereof, evidence of it would have been competent. 3 Rest. Torts, Secs. 660 and 665; 34 Am. Jur., Malicious Prosecution, Sec. 42; Jones v. Donald Co., 137 Miss. 602, 102 So. 540; Brown v. Kisner, 192 Miss. 746, 6 So. 2d 611.

The reason therefor is, "that in such case there is such an admission of probable cause that the plaintiff cannot afterwards retract it," and claim that the prosecution was instituted without probable cause. 34 Am. Jur., Malicious Prosecution, Sec. 42, 38 C. J. 444, Note 13(a); 67 A. L. R., p. 517. It follows from this that the request to dismiss the prosecution in order to prevent it from having thereby terminated favorably to the appellant must have been made by her, or by another authorized by her to so do, or have been accepted by her after being informed thereof. There is no evidence here that the appellant's husband (he, by the way, denied having this conversation with the appellee) was authorized to make this adjustment with the appellee, or that she knew that he had so done. The appellee may have supposed that the appellant's husband was acting with her consent; but he did so at his peril, and under our statute removing the disabilities of coverture, the husband can act for his wife when, but not unless, she has authorized him so to do. This evidence, therefore, was not admissible under the count for malicious prosecution. It is true that the admission of the evidence was harmless, insofar as it affects that count of the declaraton, for the reason that the appellee was entitled to a directed verdict of not guilty on that count. But it was prejudicial as to the count for slander, for it contained an admission by the appellant's husband who, the jury would naturally believe, knew what he was talking about, that the appellant had taken the appellee's pickets, and that she did it for spite, thereby powerfully reinforcing the appellee's evidence to the like effect. No part of this evidence was competent, consequently the rule invoked in the controlling opinion that when a part of a witness' answer to a question is com-

petent an objection thereto, not confined to the incompetent part thereof, will be overruled, has no application here.

The judgment of the court below should be reversed, but insofar only as it covers the first count of the declaration, and the cause should be remanded for a new trial on that count.

**Roberds, J.**, concurs in this dissenting opinion.