## May v. State

No. 43593 June 14, 1965 176 So. 2d 321

*Sullivan, Sullivan & Keyes,* Jackson, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

BRADY, TOM P., J.

Lanell May, Jr. was convicted of burglary of the Hazlehurst Municipal Separate School building known as the Parrish High School, and sentenced to serve five years in the state penitentiary. From that judgment he prosecutes this appeal.

The gravamen of the errors assigned by the appellant is that the trial court erred in failing to peremptorily instruct the jury to find for the appellant for the reason that there was no evidence upon which the jury could base a reasonable inference that the appellant broke and entered the schoolhouse with the intent to take, steal and carry away any of the personal property located within the schoolhouse. As an additional error, appellant contends that, conceding *arguendo* that he broke and entered the schoolhouse, he was so drunk that he could not have, at the time, entertained the intent to steal, take and carry away the personal property. Appellant contends that the verdict is contrary to the overwhelming weight of the evidence and that the lower court should have granted a new trial in this cause.

The principles and rules of law set forth in the following cases are controlling here: Bell v. State, 251 Miss. 511, 170 So. 2d 428; Lee v. State, 244 Miss. 813, 146 So. 2d 736 (1962); Tanner v. State, 216 Miss. 150, 61 So. 2d 781 (1953); Stone v. State, 210 Miss. 218, 49 So. 2d 263 (1950); Tate v. State, 193 Miss. 386, 9 So. 2d 788 (1942); Moseley v. State, 92 Miss. 250, 45 So. 833 (1908); Taylor v. State, 37 So. 498 (Miss. 1904); State v. Buchanan, 75 Miss. 349, 22 So. 875 (1898).

 █ There is no merit in the contention of the appellant that the State failed to prove the intent of the appellant to take, steal and carry away the personal property located in the schoolhouse. The overwhelming weight of the testimony shows conclusively that Lanell May, Jr., nicknamed "Big May," did, on the night of February 28, 1964 or during the early morning hours

of February 29, 1964, with a wrench and screwdriver, break through the outer and inner doors of the Parrish High School and take therefrom the green, personalized checks of Principal A. J. Dillon. The free and voluntary admission by the appellant that he broke into the schoolhouse and took from the office of A. J. Dillon the personalized checks, abundantly supplies the intent of the appellant to steal. Priding himself in never having lied to the sheriff, he told the sheriff, ''I broke into it,'' and he furthermore took the sheriff and officers to a spot on Monticello Street approximately one hundred and fifty feet from the school and showed them where he had hidden the screwdriver and wrench which he had used to forcibly break into the schoolhouse.

The fact that the appellant on the morning of February 29, 1964 forged the name of A. J. Dillon on one of the stolen checks and attempted to cash it with Mr. Sol Sherman, a local merchant, also supplies the intent to steal. In addition, the admissions of the appellant to the sheriff, deputies and jailer, which were five days later transcribed, read to, and freely and voluntarily signed by appellant without any inducement, promise, intimidation or threat, conclusively establish the intent to steal.

No error was committed in reading to the jury the statement of the appellant, to-wit, ''I tried to cash the check the next day which I had forged at Sherman's Store,'' for the reason that it is so closely related to the crime for which the appellant was being tried that it sheds light upon appellant's motive for breaking and entering; the commission of the forgery forms a part of a chain of facts so intimately connected that the whole must be heard in order to interpret its several parts. Appellant's statement that he forged and presented the check for payment at Sherman's Store falls squarely within the well established exception to the general rule which prohibits evidence of another crime separate and

independent of that for which the appellant is being tried to be introduced. Lee v. State, *supra,* Tanner v. State, *supra,* and Stone v. State, *supra.*

 Finally, there is no merit in the contention that the appellant was too drunk to entertain the intent to steal. First, the appellant could have broken into the school and taken the personalized checks before 9:00 or 9:30 P. M. on the night of February 28, 1964, the earliest that one of his witnesses stated he saw him at the Last Chance Cafe where he was gambling and drinking. The record does not disclose that the appellant remained at the Last Chance Cafe from 9:00 P. M. until midnight or 12:30 A. M. The Last Chance Cafe is located only a mile and a half from the Parrish High School, and the appellant could have committed the burglary between 9:00 P. M. and 12:30 A. M., when he finally left the cafe. Second, the appellant could have committed the burglary in the early hours of the morning after leaving the Last Chance Cafe, since he was seen early in the morning at the home of Houston Collins, which is situated approximately a half mile from the Parrish High School.

The proof conclusively shows that the appellant was not so drunk that he was not able to gamble at cards. The proof also shows that he did not spend the night at his father's home where he customarily resides. He was not drunk or under the influence of alcohol when he was arrested by Sheriff Herbert Deaton and Chief of Police Earl Guess about a mile and a half from, and walking toward, his father's home.

The facts in this case clearly distinguish it from the case of Edwards v. State, 178 Miss. 696, 174 So. 57 (1937), cited by appellant and appellee. The appellant in the case at bar did not leave the checks on the sidewalk or return them to Principal Dillon when his mentality was restored, assuming that he was non compos mentis drunk when he burglarized the school, but, instead, endeavored to cash one of the checks which he had taken.

 █ The issues herein are largely factual and the jury verdict, based on substantial evidence, resolved them against the appellant. The trial court did not err in refusing to grant a new trial.

We find no reversible error committed in the trial of this case, and the judgment is therefore affirmed.

Affirmed.

*Ethridge, P. J., and Gillespie, Patterson and Inzer, JJ., concur.*