209 So.2d 840 (1968)
Oscar Dale STRICKLAND
v.
STATE of Mississippi.
No. 44802.
Supreme Court of Mississippi.
April 29, 1968.
Luther Austin, Laurel, for appellant.
Joe T. Patterson, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., Jackson, for appellee.
BRADY, Justice.
Oscar Dale Strickland was indicted, tried and convicted of the crime of grand larceny for stealing a 1960 Buick LaSabre automobile in Laurel, Jones County, Mississippi. He was sentenced to serve three years in the state penitentiary. The only errors which merit consideration are, first, that the trial court erred in denying appellant's motion for a peremptory instruction, and, second, that the court erred in allowing the State to introduce evidence concerning other crimes alleged to have been committed by appellant.
*841 Insofar as the first error is concerned, the proof on the part of the State amply justified the submission to the jury of the question of appellant's guilt and its verdict of guilty. Alexander v. State, 251 Miss. 847, 171 So.2d 517 (1965); Bond v. State, 249 Miss. 352, 162 So.2d 510 (1964); and Hinton v. State, 246 Miss. 790, 151 So.2d 413 (1963).
The second error urged is that Jean Cooley was permitted to testify that the appellant returned to her cafe and renewed his efforts to get her not to testify against him by telling her to just name her price for not testifying against him. He also threatened to "blow her up." There is no merit in this contention because it is a well settled rule of law in Mississippi that evidence of other crimes is admissible to prove the identity of a defendant, and to prove scienter of guilt, criminal knowledge, criminal intent or purpose, motive, plan or system of criminal action where other crimes form a part of the res gestae. Williams v. State, 208 So.2d 182 (Miss. 1968); Peeples v. United States, 5 Cir., 341 F.2d 60, cert. denied, 380 U.S. 988, 85 S.Ct. 1362, 14 L.Ed.2d 280 (1965); May v. State, 253 Miss. 597, 176 So.2d 321 (1965); Spears v. State, 253 Miss. 108, 175 So.2d 158 (1965); Lee v. State, 244 Miss. 813, 146 So.2d 736 (1962); Bangren v. State, 198 Miss. 359, 22 So.2d 360 (1945); Gunter v. Reeves, 198 Miss. 31, 21 So.2d 468 (1945); and Bateman v. State, 64 Miss. 233, 1 So. 172 (1886).
The trial court was correct in allowing the testimony to be received into evidence since the testimony clearly fell within the exceptions to the general rule concerning the commission of other criminal offenses.
For these reasons the judgment of the Circuit Court of Jones County is affirmed.
Affirmed.
ETHRIDGE, C.J., and RODGERS, JONES and INZER, JJ., concur.