### Jones *v.* Donald Co. *et al.**

(Division A. Jan. 19, 1925; Suggestion of Error overruled Mar. 2, 1925.)

[102 So. 540. No. 24411.]

1. Malicious Prosecution. *Termination of prosecution by settlement will not support action.*

     One of the requirements for the maintenance of an action for malicious prosecution is the termination of the original proceeding in the plaintiff's favor not brought about by settlement or compromise and agreement of the parties thereto.

2. MALICIOUS PROSECUTION. *Liability to answer criminal charge held not duress, invalidating compromise agreement terminating prosecution.*

The liabilty of a defendant in a criminal prosecution to answer the charge therein made against him is not such duress as will prevent a compromise and agreement, entered into by him, by which the prosecution was settled, from being voluntarily made by him.

*Headnotes 1.  Malicious Prosecution, 26 Cyc., pp. 56, 59;  2. Compromise and Settlement, 12 C. J., section 43;  Malicious Prosecution 26 Cyc., p. 59.

APPEAL from circuit court of Clarke county.

HON. C. C. MILLER, Judge.

Action by J. C. Jones against the Donald Company and others. Judgment for defendants, and plaintiff appeals. Affirmed.

*W. M. Everett,* for appellant.

The whole gist of the case may be discussed in one head or subject, which hinges around the sole proposition of whether the trial court was justified and upheld by the weight of authorities in directing a verdict for the defendants, for in its ultimate analysis this is the gravaman of the suit. Section 30 of our Constitution says that: "There shall be no imprisonment for debt," yet we are here confronted with the facts disclosed in this record that, the appellees were the sole instigators of a criminal prosecution against the appellant, for no other reason than, he was due them, a debt on open account. This to us seems self evident, that, after the payment of the civil debt was affected, the criminal charges had served their purpose, and then, is it not the law that every wrong has a remedy and every damage done be redressed by the payment of damages where there is any shown to have been suffered?

We contend that the record taken as a whole shows conclusively that the case should have been submitted to

the jury in view of the defenses set up by the defendants in that they acted upon the advice of counsel. The rule laid down by all the courts is: "That where the advice of counsel is sought and obtained, the parties seeking the advice must continue the counseling of the advice so sought of an attorney." The appellees cannot be heard to question the sufficiency of the declaration, that is as to whether this is a suit for malicious prosecution, or a suit for false imprisonment, as argued before the lower court. For the declaration went unquestioned, and at no time could ever have been attacked only by demurrer. *Cairns* v. *Moore,* 69 So. 579 (Ala.).

All the law required of the plaintiff was to see that the prosecution terminated in his favor. Even where it was conclusively shown that the defendant obtained the advice of counsel and followed the advice and was protected thereby, this could only amount to a defense, as to the punitive damages. They cannot maintain this as a defense against actual damage. This question at least should have been submitted to the jury.

*Bozeman & Cameron,* for appellees.

The essential ingredients of an action of malicious prosecution are these: (1) Institution of original proceedings by defendant. (2) Termination of proceeding in plaintiff's favor. (3) Malice in institution of proceeding. (4) Want of probable cause for proceeding. 18 R. C. L. 9, 10. It is, of course, fundamental that "to maintain an action for malicious prosecution the plaintiff must show that the defendant therein was responsible for the institution or continuance of the original proceedings complained of." 18 R. C. L. 17.

As to the defendant, Ben Donald, it is admitted that he made the affidavit and that he must individually carry whatever consequences this act entails. That his action amounts to an "institution of original proceeding" is by no means certain, in view of the fact that he was

acting for the county attorney.  18 R. C. L. 18.  As to
the defendant, The Donald Company, there is no proof
whatever that the proceeding was instituted by it.

Termination of proceeding in plaintiff's favor.  "It is
well recognized that before one can maintain an action
for malicious prosecution against him, he must allege
and prove a termination of the original proceeding in
his favor, whether such proceeding was a wrongful civil
action or criminal prosecution."   18 R. C. L. 21-2.   It
is further well settled that where the prosecution ter-
minated as the result of an agreement or settlement,
there is no such successful termination as will support
an action for malicious prosecution.  18 R. C. L. 25-6.

Malice in institution of proceedings.  "The authori-
ties are unanimous in holding that it is essential to a re-
covery in the action of malicious prosecution that the
action, or prosecution complained of must have been ma-
liciously instituted."   18 R. C. L. 28.   Certainly there is
no proof of malice in this case.

Want of probable cause.  Here is the rock on which
plaintiff's bark must go to pieces.  He must show a
concurrence of both malice and want of probable cause.
*Greenwade* v. *Mills,* 31 Miss. 464; 18 R. C. L. 33-5, 51.
We submit that there is no proof in the record tending
to show a want of probable cause.  On the contrary, the
evidence shows, without dispute, that Ben Donald acted
with the utmost good faith.  He got his information
from two reputable persons, whose word he did not and
could not doubt.  That was all the information he had.
18 R. C. L. 41-3.  It is well established that if a man, in
instituting a prosecution, acts upon advice given him by
a reputable attorney, he does so with impunity.  No man
can be held for malicious prosecution when he consulted
a lawyer and proceeded in accordance with his advice.
18 R. C. L. 45; Vicksburg S. & P. Ry. Co. v. Porterfield,
103 Miss. 585, 60 So. 652.

Peremptory instruction proper.  *Gwaltney* v. *State,* 111
Miss. 507, 71 So. 805.  We submit that this case should be

affirmed, referring the court to the following authorities. Note, 12 A. L. R. 1230; *Whitfield* v. *Westbrook,* 40 Miss. 311; *Threefoot* v. *Nuckols,* 68 Miss. 116, 8 So. 335; *McNulty* v. *Walker,* 64 Miss. 198, 8 So. 55; *Planters' Ins. Co.* v. *Williams,* 60 Miss. 916; Note, 18 L. R. A. (N. S.) 49; 26 Cyc. 31; Note, 1915-A L. R. A. 601; Note, 2 L. R. A. (N S.) 945-7; Note 26 L. R. A. 1404; Note, 18 L. R. A. 11; Note, 24 L. R. A. 262.

*W. M. Everett,* in reply for appellant.

It matters not if the defendants did seek the advice of counsel, if they were still actuated by malice, if they still believe after the counsel has actually advised prosecution, that the prosecution will fail, and is actuated by angry feelings, they cannot excuse themselves. *Manning* v. *Finn,* 23 Neb. 511; *Hobb* v. *Pincbury,* 16 S. C. 387; *Jacob* v. *Crum,* 62 Tex. 411; *Ramsey* v. *Arrott,* 64 Tex. 322; *Glascow* v. *Owen,* 69 Tex. 167; *Fox* v. *Davis,* 55 Ga. 298; *Terney* v. *Williams,* 32 Ark. 116; *Gulf, etc., Ry. Co.* v. *James* (Tex), 10 S. W. 744; *Brewer* v. *Jacobs,* 22 Fed. 217; *Davenport* v. *Lynch,* 6 Jones Law, N-545; *Vinal* v. *Can,* 18 W. Va. 1.

The declaration is based on two ideas, or theories. Both for malicious prosecution, and for false pretenses. The declaration in the first instance possibly could have been demurred to before the general issue plea was filed, after this however, the question became one of fact, and as long as the facts were in controversy the court at no time ever had the right to sustain the motion of defendants for peremptory instruction. 11 R. C. L. 332-3.

Another very serious question presented by this record, is as to whether or not, the plaintiff can maintain this suit, after agreeing to and paying the cost of the criminal prosecution. We maintain that he can, because the evidence shows that the plaintiff was not on an equal footing with the defendants at the time this agreement was reached. The plaintiff had no counsel. The

defendants did, this being their chief contention. We maintain that the plaintiff was under duress or blackmail in that, the criminal prosecution by the defendants who were acting as they claim under the advice of the county attorney, had its sole and only effect when the compromise was accomplished. 1915-A L. R. A. 601, note; Am. Case 1915-D, 1250; *Planter's Ins. Co.* v. *Williams,* 60 Miss. 916.

SMITH, C. J., delivered the opinion of the court.

The appellant sued the appellees for malicious prosecution. At the close of the evidence the court below directed the jury to return a verdict for the appellees, and there was a verdict and judgment accordingly.

The appellant was arrested on a writ issued by a justice of the peace on an affidavit made before him by an officer of the Donald Company, charging the appellant with having obtained goods from the company under false pretenses. Immediately upon his arrest he executed a bail bond, and was released from custody. Afterwards, at the request of the appellant, and on the payment by him of the court costs and of the amount due the Donald Company for the goods obtained from it, the justice of the peace, with the consent of the appellees, dismissed the prosecution against the appellant, and noted on his docket that the affidavit therefor had been withdrawn.

One of the requirements for the maintenance of an action for malicious prosecution is the termination of the original proceeding in the plaintiff's favor not brought about by settlement or compromise and agreement of the parties thereto. 18 R. C. L. 21; 1 Cooley on Torts (3d Ed.), 340; *Waters* v. *Winn,* 142 Ga. 138, 82 S. E. 537, L. R. A. 1915A, 601, Ann. Cas. 1915D, 1248, and notes thereto.

But it is said by the appellee that the settlement by which the original proceeding here in question was dis-

missed was not voluntarily entered into by the appellant, but that he was coerced into making it.

Conceding the soundness of the rule here invoked, there is no merit in this contention, for the reason that the appellant himself initiated the negotiations which resulted in the settlement after he had been admitted to bail and was under no sort of duress other than the liability to answer the criminal charge which had been made against him, which duress, if such it can be said to be, is necessarily present in every settlement or compromise of this character.

*Affirmed.*