**Irl Dean RHODES, Plaintiff,**

v.

**Ray MABUS, Louisa Dixon and Jere Nash, Defendants.**

Civ. A. No. J87–290(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

Nov. 10, 1987.

John C. McLaurin, McLaurin & McLaurin, Brandon, Miss., for plaintiff.

Ross F. Bass, Jr., Frank W. Trapp, Phelps, Dunbar, Marks, Claverie & Sims, Jackson, Miss., for defendants.

## MEMORANDUM OPINION

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendants Ray Mabus, Louisa Dixon and Jere Nash for summary judgment. Plaintiff Irl Dean Rhodes filed timely response to the motion. The court has considered the memoranda with attachments submitted by the parties.

Mabus, Mississippi's State Auditor of Public Accounts, and Dixon and Nash, his assistants, in their capacities as public officials, conducted an investigation into suspected mishandling of public funds by Rhodes, the Chancery Clerk of Rankin County. This investigation resulted in the filing of a lawsuit against Rhodes by the State of Mississippi on the relation of Mabus and the Attorney General pursuant to section 7-7-211 of the Mississippi Code, which empowers the Department of Audit to institute suit for the recovery of misappropriated public funds. As a further result of the investigation, evidence of alleged criminal misconduct was presented to the Rankin County Grand Jury, which returned an indictment charging Rhodes with trafficking in public funds in violation of section 27-105-345 of the Mississippi Code. The Circuit Court of Rankin County issued an order quashing the indictment because of unauthorized communication with the grand jury by defendant Dixon.

Rhodes filed suit in state court, alleging various violations by defendants of his rights under federal law. Defendants removed the action to this court pursuant to 28 U.S.C. § 1441. Defendants now move for summary judgment on the ground of official immunity from suit.

Plaintiff asserts claims under 42 U.S.C. §§ 1983, 1985 and 1986, alleging that defendants violated his constitutional rights by the following actions:

1. Defendants harassed plaintiff in that Dixon, during a meeting with Rhodes and the Board of Supervisors of Rankin County, made false accusations against Rhodes, and Mabus and Dixon, during a meeting with Rhodes and his attorney, treated Rhodes "rudely and abusively" and repeated the false accusations.

2. Dixon maliciously gave false testimony before the grand jury, which was considering charges against Rhodes, after which an indictment was returned against plaintiff.

3. Dixon improperly and maliciously communicated with members of the grand jury in an attempt to influence them to return an indictment against Rhodes.

4. The foregoing actions were the result of a conspiracy among the three defendants.

### I. *"Harassment" by Making False Accusations*

■ Defendants contend that they are insulated from liability for the allegedly false statements made at meetings between defendants and Rhodes by virtue of the absolute immunity enjoyed by public officials who perform functions analogous to those of a prosecutor. Defendants further contend that, in any event, plaintiff's

allegations do not state a constitutional violation.

Whether or not defendants are entitled to absolute immunity[1] from suit for damages[2] for the statements in question, it is apparent from the undisputed facts that such statements, even if false, do not amount to a constitutional violation. Plaintiff's allegation that defendants harassed him by making false accusations about him appears to be equivalent to a claim of defamation. Mere defamation of a private citizen by a public official is not a violation of the citizen's constitutional rights.[3] *Paul v. Davis,* 424 U.S. 693, 711–12, 96 S.Ct. 1155, 1165–66, 47 L.Ed.2d 405 (1976); *Cook v. Houston Post,* 616 F.2d 791, 794 (5th Cir.1980).

Accordingly, the court is of the opinion that plaintiff's claims in regard to the purported false accusations made against him by defendants at the meetings in question are without merit and defendants are entitled to prevail on those claims as a matter of law.

### II. *False Testimony Before Grand Jury*

Defendants claim that Dixon, as a witness in a judicial proceeding, enjoys absolute immunity from liability in connection with her testimony. In *Briscoe v. Lahue,* 460 U.S. 325, 329, 103 S.Ct. 1108, 1112, 75

---

1. In *Butz v. Economou,* 438 U.S. 478, 515–17, 98 S.Ct. 2894, 2915–16, 57 L.Ed.2d 895 (1978), the Supreme Court held that government officials performing functions analogous to those of a prosecutor, such as instituting administrative proceedings or presenting evidence at such proceedings, have absolute immunity with respect to such acts. Section 7–7–211 of the Mississippi Code gives the Department of Audit the authority and duty to institute suit to recover misappropriated public funds. This authority to institute suit for the recovery of misspent public monies seems clearly to be analogous to the function of a prosecutor. In *Cook v. Houston Post,* 616 F.2d 791, 793 (5th Cir.1980), the court held that the scope of prosecutorial immunity extends to activities in initiating, investigating and pursuing a prosecution. The immunity extends to actions in connection with, *inter alia,* interviewing witnesses and obtaining and examining documents. *See id.* It is clear that the purportedly false statements at issue were made in the course of defendants' investigation of suspected improprieties by Rhodes in the handling of public funds, which ultimately led to the Depart-

ment's bringing suit against Rhodes to recover certain public funds allegedly misappropriated. It seems clear that defendants, in holding the meetings at which the allegedly false accusations were made, were engaged in the kind of activity which the court in *Cook* held to be covered by absolute immunity.

2. Prosecutors are not immune from suit for declaratory or injunctive relief. *Supreme Court of Virginia v. Consumers Union,* 446 U.S. 719, 736–37, 100 S.Ct. 1967, 1977, 64 L.Ed.2d 641 (1980). Thus a successful plea of prosecutorial immunity would not completely dispose of the "harassment" issue, since Rhodes seeks injunctive relief in addition to damages.

3. Plaintiff's allegations do not present a situation where damage to reputation resulted in, or was inflicted in connection with or as a consequence of, deprivation of a substantive constitutional right or a state-conferred property interest, so as to be actionable. *See Marrero v. City of Hialeah,* 625 F.2d 499, 515–19 (5th Cir.1980).

L.Ed.2d 96 (1983), the Supreme Court recognized an absolute immunity from suit arising from a witness's testimony at a criminal trial. Although some courts have applied this absolute immunity to testimony before a grand jury, the Fifth Circuit has expressly refused to extend absolute immunity to cover such testimony. *See Wheeler v. Cosden Oil & Chemical Co.,* 734 F.2d 254, 261 & n. 16, *modified,* 744 F.2d 1131 (5th Cir.1984).[4]

Defendants also claim prosecutorial immunity for presenting the testimony on the basis that it was part of their activities in procuring and presenting evidence in regard to the criminal prosecution of Rhodes. With respect to Dixon, prosecutorial immunity appears to be absent, since, while presentation of witnesses is a prosecutorial function, the actual giving of testimony is not. However, in regard to Mabus and Nash, who are alleged to have conspired to have Dixon give the testimony, the claim of prosecutorial immunity is not patently meritless, because prosecutorial immunity applies even to the knowing presentation of false testimony. *Imbler v. Pachtman,* 424 U.S. 409, 416, 431, 96 S.Ct. 984, 988, 995, 47 L.Ed.2d 128 (1976). But because this claim can be disposed of without reference to the assertion of prosecutorial immunity, it is not necessary to determine the validity of the prosecutorial immunity claims of Mabus and Nash, and the court does not undertake to do so.[5]

■ A resolution of defendants' claims of prosecutorial immunity is unnecessary because the undisputed facts show that plaintiff has failed to establish an essential element of his claim. One has a right under the fourteenth amendment due process clause to a determination that probable cause to prosecute exists before proceedings are instituted against him. *Wheeler v. Cosden Oil & Chemical Co.,* 734 F.2d 254, 259–60 (5th Cir.1984). A state official who undermines that right by maliciously giving false testimony to the person or body charged with making the probable cause determination can be held liable in a section 1983 cause of action for malicious prosecution. *Id.* at 257, 260. In stating the requirements for this cause of action, the federal courts have adopted rules governing the common law cause of action for malicious prosecution. *See, e.g., San Filippo v. U.S. Trust Co.,* 737 F.2d 246, 257 n. 6 (2d Cir.1984); *Tucker v. Duncan,* 499 F.2d 963, 965 & n. 1 (4th Cir.1974). An essential element in a cause of action for malicious prosecution is that the prosecution must have terminated in the defendant's favor. *Armco, Inc. v. Southern Rock, Inc.,* 778 F.2d 1134, 1136 (5th Cir. 1985) (applying Mississippi law); *Morrison v. Jones,* 551 F.2d 939, 940 (4th Cir.1977) (adopted common law rule that favorable termination is required); 52 Am.Jur.2d *Malicious Prosecution* § 29 (1970).

■ Not every termination which results in a defendant's release is a termination in the defendant's favor. The court is of the opinion that in order to maintain a section 1983 cause of action for malicious

---

**4.** Contrary to defendants' assertion, the court on rehearing vacated only its holding concerning a claim for false arrest, leaving intact its holding that the defendant was not entitled to absolute immunity for grand jury testimony. *See Wheeler,* 744 F.2d at 1133.

**5.** It is appropriate to note, in passing, that defendants' case for prosecutorial immunity is weaker in regard to acts done in conjunction with the criminal proceedings against Rhodes, because the Department of Audit is not empowered to institute criminal proceedings as it is with respect to civil proceedings. The advocacy function appears to be at the heart of prosecutorial immunity. *See Imbler,* 424 U.S. at 430–31, 96 S.Ct. at 994–95; S. Nahmod, *Civil Rights and Civil Liberties Litigation,* 2d ed., §§ 7.13, 7.14. It would therefore appear that nonadvocacy activities such as investigation would come within the scope of immunity only insofar as they relate to, enhance, or make possible the advocacy function. Where there is no power to institute and maintain an action, such nonadvocacy activities would seem to be more analogous to the activities of police officers than to those of prosecutors. Nevertheless, given the special statutory duties of the Department of Audit with respect to investigation of suspected misuse of public funds, it may be that a thorough examination of this issue would lead to the conclusion that defendants are entitled to prosecutorial immunity for their activities in regard to the criminal proceedings against Rhodes. However, as noted above, such a complete consideration is not necessary in this case.

prosecution, the plaintiff must show that the proceedings against him terminated in such a way as to suggest his innocence. *See Russo v. State of New York,* 672 F.2d 1014, 1019 (2nd Cir.1982), *modified on reh'g,* 721 F.2d 410 (2nd Cir.1983) (applying New York law) (termination must be on merits or such as to imply lack of reasonable grounds for prosecution); *Singleton v. City of New York,* 632 F.2d 185, 194–95 (2nd Cir.1980) (termination must indicate innocence of defendant), *cert. denied* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981); *Mendoza v. K–Mart, Inc.,* 587 F.2d 1052, 1057 (10th Cir.1978) (applying New Mexico law) (criminal prosecution must be disposed of in way which indicates innocence of accused). A termination on procedural grounds is not sufficient to satisfy the requirement of favorable termination. *Kelly v. Cooper,* 502 F.Supp. 1371, 1376 (E.D.Va.1980). Plaintiff points to the circuit court's quashing of the indictment against him as a termination in his favor. It has been held that the quashing of an indictment is a termination in favor of the accused. *See* 52 Am.Jur.2d *Malicious Prosecution* § 32 (1970). However, applying the principles set forth in the above-cited cases, such would not be the case where the indictment was quashed on procedural grounds and not in such a way as to indicate the innocence of the accused or the lack of probable cause for his prosecution. The circuit court's quashing of the indictment was expressly based on what the court held was an improper communication with the grand jurors by Dixon.[6] The quashing of the indictment on that basis was not a termination on the merits and did not indicate the innocence of Rhodes or the lack of reasonable grounds for his prosecution. Therefore, Rhodes has failed to establish that the proceedings terminated in his favor.

It is proper to dismiss an action for failure to state a claim when, construing the allegations of the complaint favorably to the plaintiff, it is determined beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Generally, in determining the sufficiency of a complaint, the court is limited to a consideration of the complaint itself. 27 *Fed.Proc., L.Ed.* § 62:466 (1984). The court may, however, look beyond the complaint "to items in the record of the case or to matters of general public record." *Phillips v. Bureau of Prisons,* 591 F.2d 966, 969 (D.C.Cir.1979). The order of the circuit court quashing the indictment is a matter of public record, and thus may be considered by this court in passing upon the sufficiency of the complaint. In order to prevail on his section 1983 claim for malicious prosecution, plaintiff must prove that the criminal proceedings instigated by defendants terminated in his favor. From an examination of the circuit court's order quashing the indictment, this court has concluded as a matter of law that the quashing of the indictment was not a favorable termination. Therefore, plaintiff can prove no set of facts which would entitle him to relief. Accordingly, the court concludes that plaintiff's section 1983 claim based on the purported false testimony of Dixon before the grand jury should be dismissed for failure to state a claim.

### III. *Improper Communication with Grand Jurors*

◼ Although the communication of information to the grand jurors outside the medium of testimony arguably might be viewed as an aspect of malicious prosecution, plaintiff, as noted above, cannot establish a cause of action for malicious prosecution. Apart from its possibly being actionable as malicious prosecution, the court is of the opinion that even if the conduct violated a constitutional right of the plaintiff, that right was not clearly established, and therefore defendants are protected by

---

**6.** In its order, the circuit court expressed some opinions on matters bearing upon the legal sufficiency of the indictment. These opinions were expressly not a ruling of the court and were not a basis for the indictment's being quashed.

their qualified immunity as public officials.[7]

In order for an action to be outside the shield of qualified immunity, "in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton,* — U.S. ——, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). It is apparent that the letter complained of contained no elements of coercion, appeal to emotion, or other similar improper influence. It was merely a recitation of the evidence collected by defendants. Since there is no federal constitutional right to a grand jury in a criminal proceeding,[8] it would seem not to be a federal constitutional violation merely to present evidence to the grand jury by letter rather than in connection with oral testimony. But even if this is not so, it is sufficient for present purposes to hold that the unlawfulness, if any, was not apparent, or, in other words, the contours of the right alleged to have been violated were not "sufficiently clear that a reasonable official would understand that what he [was] doing violate[d] that right." *Anderson,* 107 S.Ct. at 3039. Because defendants are thus entitled to immunity, except as to the possible malicious prosecution aspect of the communication, and because, as noted above, plaintiff cannot maintain a malicious prosecution action under section 1983, the court concludes that plaintiff's section 1983 claim based on improper communication with grand jurors should be dismissed.

### IV. *Conspiracy*

 Rhodes asserts claims under sections 1983, 1985 and 1986 for conspiracy to violate his constitutional rights. Section 1985(3) applies to conspiracies to deny equal protection of the laws, and there must be some racial or perhaps other class-based animus behind the conspiracy. *United Brotherhood of Carpenters v. Scott,* 463 U.S. 825, 834, 103 S.Ct. 3352, 3359, 77 L.Ed.2d 1049 (1983). That section does not provide a cause of action based on denial of due process or other constitutional rights. *Griffin v. Breckenridge,* 403 U.S. 88, 101–

02, 91 S.Ct. 1790, 1797–98, 29 L.Ed.2d 338 (1971). The first part of section 1985(2), which pertains to, *inter alia,* influencing grand juries, applies only to federal grand juries. *Kush v. Rutledge,* 460 U.S. 719, 724, 103 S.Ct. 1483, 1486, 75 L.Ed.2d 413 (1983). The second part of section 1985(2), which applies to obstructing justice in state courts, requires that the conspiracy be motivated by an intent to deny equal protection. *Id.* A cause of action under section 1986 is premised on a violation of section 1985; thus where, as here, plaintiff cannot maintain a claim under section 1985, his section 1986 claim must fail as well. A conspiracy is actionable under section 1983, but only if the plaintiff can prove an actual deprivation of a constitutional right. *Kaplan v. Clear Lake City Water Authority,* 794 F.2d 1059, 1065 (5th Cir.1986). Since plaintiff cannot establish a constitutional violation actionable under section 1983, his conspiracy claim under that section fails as well. Accordingly, the court concludes that plaintiff's conspiracy claims under sections 1983, 1985 and 1986 are insufficient as a matter of law and should be dismissed.

### *Conclusion*

For the reasons set forth above, it is ordered that:

(1) defendants' motion for summary judgment with respect to plaintiff's claim of harassment through false accusations is granted;

(2) plaintiff's claim under section 1983 for giving false testimony before the grand jury is dismissed;

(3) plaintiff's claim based upon improper communication with members of the grand jury is dismissed;

(4) plaintiff's conspiracy claims under sections 1983, 1985 and 1986 are dismissed.

---

7. Government officials are immune from suit for damages for their official acts as long as their conduct does not violate clearly established constitutional or statutory rights of which a reasonable person would have been aware.

*Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

8. *Hurtado v. California,* 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1883).