■ LEON CAMPO, Respondent, v CUSTIC WOLOSIN et al., Appellants. [622 NYS2d 291] —In an action, *inter alia,* to recover damages for malicious prosecution, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated February 22, 1994, as denied that branch of their motion which was for summary judgment dismissing the cause of action to recover damages for malicious prosecution.

Ordered that the order is affirmed insofar as appealed from, with costs.

We reject the defendants' contention that the plaintiff's cause of action to recover damages for malicious prosecution was barred by the applicable one-year Statute of Limitations *(see,* CPLR 215 [3]). A cause of action to recover damages for malicious prosecution accrued when the criminal proceeding terminated favorably to the plaintiff *(see, Whitmore v City of New York,* 80 AD2d 638; *Boose v City of Rochester,* 71 AD2d 59; *Giglio v Delesparo,* 46 AD2d 928). The criminal proceeding against the plaintiff was dismissed on October 15, 1991, and this action was commenced on or about February 19, 1992, well within one year of dismissal. Thus, the cause of action was timely interposed.

We also reject the defendants' contention that the dismissal of the criminal charges against the plaintiff was not on the merits, and thus, the malicious prosecution claim cannot be maintained. The criminal charges against the plaintiffs were dismissed for failure to prosecute when it was indicated that the defendants had lost interest in prosecuting the charges and had no intention of returning to New York State to do so. Under these circumstances, we conclude that the dismissal was indicative of the plaintiff's innocence of the charges, and thus he may maintain this cause of action *(see, Halberstadt v New York Life Ins. Co.,* 194 NY 1; *Mondello v Mondello,* 161 AD2d 690; *Miller v Star,* 123 AD2d 750; *Loeb v Teitelbaum,* 77 AD2d 92).

The defendants' contention that summary judgment should have been granted to them because there clearly was probable

cause for bringing the criminal charges against the plaintiff is unpreserved for appellate review. Mangano, P. J., Lawrence, Copertino, Krausman and Goldstein, JJ., concur.