# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CA-01401-SCT

*CONG VO VAN, UT THI NGUYEN, LAN THI TRAN*
*AND MINH HOANG VAN*

*v.*

*GRAND CASINOS OF MISSISSIPPI, INC.*

*AND BRUCE LOPRETE*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/14/97 |
| TRIAL JUDGE: | HON. JOHN H. WHITFIELD |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | KELLY McKOIN |
| ATTORNEY FOR APPELLEES: | SCOTT DERRICK SMITH |
| NATURE OF THE CASE: | CIVIL - TORTS - OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND REMANDED - 12/17/98 |
| MOTION FOR REHEARING FILED: | 12/31/98 |
| MANDATE ISSUED: | 4/12/99 |

### BEFORE PITTMAN, P.J., SMITH AND MILLS, JJ.

### MILLS, JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE

¶1. Minh Hoang Van and Lan Thi Tran were arrested on July 24, 1993 and August 2, 1993, respectively, on charges of cheating at a gambling game in violation of Miss. Code Ann. § 75-76-301(b) and § 75-76-307 (1993). Cong Vo Van and Ut Thi Nguyen were arrested on August 18, 1993 on charges of participating in a common plan or scheme to cheat at a gambling game in violation of Miss. Code Ann. § 75-76-301 and § 75-76-307(1993). A preliminary hearing was conducted and indictments were returned against all defendants by a Harrison County grand jury. On March 26, 1996, the Harrison County Circuit Court dismissed with prejudice the indictments for failure of the State of Mississippi to provide a speedy trial as required by the Sixth and Fourteenth Amendments of the United States Constitution and Section 26 of the Mississippi Constitution.

¶2. On March 19, 1997 Cong Vo Van ("Cong"), Ut Thi Nguyen ("Ut"), Lan Thi Tran ("Lan"), and Minh

Hoang Van ("Minh") filed a malicious prosecution action against Grand Casinos of Mississippi, Inc. ("Grand Casinos") and Bruce Loprete in the Harrison County Circuit Court, First Judicial District. Grand Casinos and Bruce Loprete subsequently filed a motion for summary judgment. The Circuit Court entered an order sustaining such motion on the ground that the dismissal of the prior criminal charges against Cong, Ut, Lan, and Minh on speedy trial grounds was not a "favorable termination" necessary to support a civil action for malicious prosecution.

¶3. Cong, Ut, Lan and Minh appeal the lower court's grant of summary judgment, bringing a single issue for review on appeal: whether a dismissal of criminal charges on constitutional grounds is a "favorable termination" which would support a subsequent civil action for malicious prosecution.

## STATEMENT OF FACTS

¶4. At the time of their arrest, Minh and his wife Lan were employed as card dealers at Grand Casinos located in Gulfport, Mississippi. Both administered playing cards to patrons at the mini baccarat tables. Cong and his wife Ut are the parents of Minh. On July 13, 1993, video tape surveillance recorded Cong and Ut sitting at a mini baccarat table at which Lan was dealing. The cameras allegedly recorded Lan deviate from the established card shuffling policy enforced by Grand Casinos. During this time, the mini baccarat players seated at Lan's table, including Cong and Ut, won eleven consecutive games. Prior to Lan's deviation in shuffling, video surveillance revealed sporadic betting patterns by the players. However, during the winning span, the players' wagers greatly increased resulting in a loss to Grand Casinos in excess of $ 40,000.00. Lan was later filmed on July 20, 1993 utilizing a similar "false shuffling" technique.

¶5. On July 19, 1993 video surveillance captured Minh digressing from the established card shuffling policy at a mini baccarat table. As a result, the mini baccarat players seated at Minh's table, including Cong and Ut, won seven consecutive games. Again, the players' wagers greatly increased during this time in relation to the wagers placed prior to the unusual shuffling technique exhibited by Minh. As a result of these seven wins, Grand Casinos paid the players over $ 15,000.00.

¶6. Bruce Loprete was employed in the surveillance department at the Gulfport Grand Casinos at the time the alleged incidents occurred. After viewing the video tapes himself, he contacted officials from the Gulfport Police Department as well as the Mississippi Gaming Commission to view the tapes. In addition, an investigator with the Isle of Capri Casino in Biloxi, Mississippi was contacted to view the tapes and advise as to the possibility of "false shuffling." On August 17, 1993, affidavits against Cong, Ut, Lan, and Minh were signed by members of the Gulfport Police Department and warrants for their arrests were subsequently issued.

## ANALYSIS

¶7. The issue of whether a dismissal of a criminal proceeding on constitutional grounds may be considered a favorable termination necessary to support a subsequent malicious prosecution action comes to this Court on first impression.

¶8. In order to prevail in a malicious prosecution suit, the plaintiffs, Cong, Ut, Lan, and Minh, must prove all six elements of the tort by a preponderance of the evidence. The elements of a malicious criminal prosecution are:

(1.) The institution or continuation of original judicial proceedings, either criminal or civil;

(2.) by, or at the insistence of the defendants;

(3.) the termination of such proceeding in plaintiff's favor;

(4.) malice in instituting the proceedings;

(5.) want of probable cause for the proceedings; and

(6.) the suffering of damages as a result of the action or prosecution complained of.

*Junior Food Stores, Inc. v. Rice*, 671 So. 2d 67, 73 (Miss. 1996); *Bankston v. Pass Road Tire Ctr., Inc.*, 611 So. 2d 998, 1004 (Miss. 1992); *C&C Trucking Co. v. Smith*, 612 So. 2d. 1092, 1099-1100 (Miss. 1992); *Page v. Wiggins*, 595 So. 2d 1291, 1293 (Miss. 1992); *Strong v. Nicholson*, 580 So. 2d 1288, 1293 (Miss. 1991).

¶9. The issue in the present case pertains solely to the third element of the cause of action. The trial judge in the case sub judice dismissed plaintiffs' malicious prosecution action due to lack of favorable termination of the prior criminal proceeding. This Court conducts a de novo review of orders granting or denying summary judgment, and the evidence must be viewed in the light most favorable to the party against whom the motion was made. *Pro-Choice Mississippi v. Fordice*, 716 So. 2d 645, 649-50 (Miss. 1998). The trial judge in this case was presented with no binding authority as to the present issue; therefore, whether summary judgment was proper depends upon our ruling. Due to an absence of case law in Mississippi concerning whether dismissal of a criminal action due to speedy trial violations should qualify as a final determination in favor of the plaintiff, it is necessary to examine the views of other states regarding this issue.

¶10. The Second Circuit Court of Appeals, interpreting New York state law, thoroughly addressed the question at hand in *Murphy v. Lynn*, 118 F.3d 938 (2d Cir. 1997), *cert. denied*, 118 S.Ct. 1051, (1998). Although the New York Court of Appeals has not yet decided this precise issue, the Second Circuit found the intermediate state appellate courts have generally concluded that such dismissals on speedy trial grounds are favorable to the accused. *Murphy*, 118 F.3d. at 949 (*citing Loeb v. Teitelbaum*, 432 N.Y.S.2d 300 (2d Dep't 1981); *Campo v. Wolosin*, 622 N.Y.S.2d 291(2d Dep't 1995)). The rationale in support of this view is as follows:

> Part of the rationale for viewing a dismissal for the prosecution's failure to prosecute in timely fashion as favorable to the accused is that "the failure to proceed to the merits compels an inference of such an unwillingness or inability to do so as to imply a lack of reasonable grounds for the prosecution." *Loeb v. Teitelbaum*, 77 A.D.2d at 101, 432 N.Y.2d at 494; *see generally Halberstadt*, 194 N.Y. at 10-11, 86 N.E. at 803-04. Further, to view a dismissal for failure to prosecute within the time allowed as a termination not favorable to the accused would have the effect of unfairly "compel[ling] one charged with a criminal offense to waive his constitutional or statutory right to a speedy trial in order to preserve his right to civil retribution for a demonstrated wrong." *Lenehan v. Familio*, 79 A.D.2d at 77, 436 N.Y.S.2d at 476.

*Id.* at 949-50.

¶11. The Second Circuit distinguished among the causes of abandonment and how the underlying cause affects whether there has been a favorable termination of the proceedings. Relying on section 660 of the

Restatement Second of Torts, the Court found the prevailing view is if the abandonment was the result of a compromise to which the accused agreed, or an act of mercy requested or accepted by the accused, or misconduct by the accused, it is not a termination in favor of the accused for purposes of a malicious prosecution claim. ***Murphy***, 118 F.3d at 949. Mississippi has followed this view with regard to an act of mercy, finding no favorable termination where the judge elected to dismiss the charges on the grounds of mercy and leniency. *See **Stewart v. Southeast Foods, Inc.***, 688 So. 2d 733 (Miss. 1996). Also in line with the prevailing view, this Court has held that a dismissal reached as a result of a voluntary settlement or compromise does not constitute a termination in favor of the accused.[1] ***Jones v. Donald Co.***, 137 Miss. 602, 102 So. 540, (Miss. 1925).

¶12. In contrast, the Second Circuit recognized that abandonment brought about by the accused's assertion of a constitutional privilege such as the right to a speedy trial does not fall within the aforementioned categories, " . . . for the accused should not be required to relinquish such a privilege in order to vindicate his right to be free from malicious prosecution." ***Murphy***, 118 F.3d at 949.

¶13. Other states including California, Illinois, and Montana have considered the issue at hand and have concurred with the result reached by New York[2]. The Supreme Court of Montana, citing California law, ruled that a dismissal for lack of speedy trial reflects on the merits and could be considered a termination in favor of the accused. In so holding, the Court reasoned:

> 'It is not essential to maintenance of an action for malicious prosecution that the prior proceeding was favorably terminated following trial on the merits. However, termination must reflect on the merits of the underlying action . . . A dismissal for failure to prosecute . . . does reflect on the merits of the action . . . The reflection arises from the natural assumption that one does not simply abandon a meritorious action once instituted.'

***Sacco v. High Country Indep. Press, Inc.***, 896 P. 2d 411, 432 (Mont. 1995)(*quoting **Lackner v. LaCroix***, 602 P.2d 393, 395 (Cal. 1980)).

¶14. The record in the instant case contains no indication as to why the prosecution did not provide the defendants in the initial action with a timely and speedy trial. However, according to the Circuit Court's order dismissing the indictments, the prosecution as well as the defendants presented evidence and arguments to the lower court concerning dismissal on the grounds of speedy trial. Since this information was not provided, we may not speculate as to any cause underlying the abandonment of the present case.

¶15. The true issue at hand is whether the delay by the prosecution properly reflects on the merits of the case. If so, a determination that dismissal on speedy trial grounds is a favorable termination sufficient to support a malicious prosecution action would be justified by the reasoning of other courts. Although an answer in the affirmative necessarily requires speculation in every case absent findings on the record indicating reasons for delay, we feel the conclusion reached by other states on this issue is the only proper conclusion.

¶16. At first glance, it appears that no malicious prosecution action could possibly stand in light of the fact that neither a trial judge nor a jury technically ruled on the merits of the case. The very existence of the tort of malicious prosecution relies on the existence of an innocent defendant who was maliciously accused, wrongly suffered through court proceedings, and was damaged by the process. How, then, can we let the accused sue in a subsequent suit for malicious prosecution if the basis of the claim - the innocence of the

accused - has not been proven? On the contrary, how can we allow the prosecution to delay the proceedings long enough to cause the case to be dismissed and then prevent a person wrongly accused from bringing a subsequent suit for malicious prosecution? There is no simple answer, but it is helpful to approach this problem by considering what result should be avoided rather than what result should be reached. We cannot ignore the possibility that the State could wrongly accuse a person, later conclude the case lacks merit, and simply wait for the case to be dismissed rather than endure an expensive and time consuming trial to determine lack of merit. If the accused has been damaged by the process but lacks recourse to compensate those damages, the result would be unjust. Moreover, there lies the possibility that someone wrongly accused would waive the right to a speedy trial in an effort to retain the option of bringing a subsequent malicious prosecution cause of action. This too would bring a harsh result.

¶17. By finding that the State's failure to prosecute properly reflects on the merits of a criminal action and therefore qualifies as a termination in favor of the plaintiff, the accused is given the opportunity to have his day in court by way of a subsequent trial. The accused/plaintiff would then carry the burden of proving the elements of malicious prosecution by a preponderance of the evidence. Whether a plaintiff was maliciously prosecuted is a question of fact properly decided by the jury, not the trial judge.

¶18. If we were to adopt a different logic which would effectively bar a subsequent malicious prosecution action, there would inevitably be some criminal defendants left with no remedy for a maliciously instituted suit. We believe this result should be avoided.

## <u>CONCLUSION</u>

¶19. Although the issue presented has been considered by few states thus far, the conclusions reached by those states are correct and are hereby adopted by this Court. We therefore reverse the ruling of the lower court and remand this case for further proceedings consistent with this opinion.

¶20. **REVERSED AND REMANDED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., McRAE, ROBERTS, SMITH AND WALLER, JJ., CONCUR. BANKS, J., CONCURS IN RESULT ONLY.**

1. Although Mississippi has not considered this issue in relation to dismissal for lack of speedy trial, the Federal District Court for the Southern District of Mississippi has found the quashing of an indictment based on improper communication with grand jurors does not qualify as a favorable termination. ***Rhodes v. Mabus***, 676 F.Supp 755, 759 (S.D. Miss. 1987). Citing principles of New York law, the Court stated the quashing of an indictment on procedural grounds is not sufficient to support a malicious prosecution action due to lack of adjudication of innocence or probable cause. However, the facts in ***Rhodes*** are distinguishable from the present case, and we are now able to examine case law which addresses the precise issue at hand. *See **Russo v. State of New York***, 672 F.2d 1014, 1019 (2nd Cir. 1982), modified on reh'g, 721 F.2d 410 (2nd Cir. 1983)(applying New York law)(termination must be on merits or such as to imply lack of reasonable grounds for prosecution); ***Singleton v. City of New York***, 632 F.2d 185, 194-95 (2nd Cir. 1980)(termination must indicate innocence of defendant), cert. denied, 450 U.S. 920 (1981).

2. Although Alabama has not addressed how dismissal on speedy trial grounds affects a malicious

prosecution action, the Court of Civil Appeals has held when a trial is terminated on the basis of a procedural or technical defect (in this case, a variance between the information and the proof), such dismissal is considered to be in the accused's favor sufficient to support a malicious prosecution action. The Court reasoned that the particular proceeding could not have been revived after termination, and was therefore final and in favor of the accused. *Kroger Co. v. Puckett*, 351 So. 2d 582, 587 (Ala. Civ. App. 1977).