BRIDGES, J., for the Court:
¶ 1. William E. Davis appeals from an order of summary judgment entered by the Warren County Circuit Court in favor of Ameristar Casino Vicksburg, Inc., Dwight O’Neal and Larry Burns. After a thorough review of the record, we affirm the trial court’s grant of summary judgment.
FACTS
¶ 2. The uncontroverted facts are as follows:
¶3. On August 19, 1995, Lee Patrick Smith was ejected physically from the Am-eristar Casino by security officers Larry Burns and Eugene Gibson, pursuant to the orders of the security supervisor, Dwight O’Neal. Officers of the Vicksburg Police Department transported Smith from Am-eristar to the police station where Burns filed charges against Smith alleging disorderly conduct, public drunkenness and profanity in a public place. At the same time, Smith filed simple assault charges against Burns and O’Neal. The trial was scheduled for November 1,1995.
¶4. In October 1995, William E. Davis and his wife were visiting Ameristar Casino when money was allegedly stolen from Davis’s wife’s purse. Davis called the casino numerous times to complain about the lack of cooperation in the investigation of the theft.
*1187 ¶ 5. With the trial date approaching, Burns talked with O’Neal regarding whether any witnesses should be subpoenaed to testify. As a result of that conversation, Burns requested witness subpoenas be served on Bill Davis, Charles Smith and another individual, instructing them to appear in municipal court to testify at the trial. Davis was not present at the Amer-istar Casino on August 19,1995, nor did he participate or witness the altercation involving Lee Patrick Smith.
¶ 6. On December 29, 1995, Lee Patrick Smith instituted criminal proceedings against Bill Davis and Charles Smith charging them with simple assault. Thereafter, Davis was arrested and entered his plea of not guilty. The municipal judge dismissed the charge initiated by Lee Patrick Smith when the parties agreed Davis was not present at the Amer-istar Casino on August 19,1995.
¶ 7. On March 12, 1997, Davis filed his complaint alleging malicious prosecution, naming as defendants Lee Patrick Smith, Dwight O’Neal, Larry Burns, and Ameris-tar Casino. The trial judge granted summary judgment in favor of O’Neal, Bums and Ameristar on May 14, 1998. Aggrieved, Davis perfected this appeal.
ARGUMENT AND DISCUSSION OF LAW
¶ 8. This Court conducts a de novo review of orders granting or denying summary judgment, and the evidence must be viewed in the light most favorable to the party against whom the motion was made. Van v. Grand Casinos of Miss., Inc., 724 So.2d 889, 891 (Miss.1998).
Once the absence of genuine material issues has been shown, the burden of rebuttal falls upon the non-moving party. To survive summary judgment, the non-moving party must produce specific facts showing that there is a genuine material issue for trial. The non-moving party’s claim must be supported by more than a mere scintilla of colorable evidence; it must be evidence upon which a fair-minded jury could return a favorable verdict.
Wilbourn v. Stennett Wilkinson & Ward, 687 So.2d 1205, 1213-14 (Miss.1996) (citations omitted). A claim for malicious prosecution requires the institution of a civil or criminal proceeding by or at the insistence of the defendant in the underlying case. Van, 724 So.2d at 891; Joiner Ins. Agency, Inc. v. Principal Cas. Ins. Co., 684 So.2d 1242,1244 (Miss.1996). Lee Patrick Smith filed charges against Davis in the underlying case, not O’Neal, Burns or Ameristar Casino. Therefore, to survive summary judgment, Davis must submit “more than a mere scintilla of colorable evidence” that Lee Patrick Smith instituted the underlying criminal action against Davis at the insistence of O’Neal, Burns and/or Ameris-tar Casino.
¶ 9. Davis alleges O’Neal had Davis subpoenaed as a witness in the underlying case to induce Lee Patrick Smith to file charges against Davis. Neither Lee Patrick Smith nor Dwight O’Neal were deposed in this case. Apparently, Lee Patrick Smith initiated a criminal action against Davis and Charles Smith believing both were employees of Ameristar Casino who participated in the altercation inasmuch as both were subpoenaed as witnesses to testify in the municipal court trial. The record shows that the witness subpoena was issued to Davis upon O’Neal’s instructions. However, no direct or circumstantial evidence was presented to support Davis’s allegation that Davis’s identification as a witness was anything other than a mistake on the part of O’Neal and/or Burns. Certainly, Davis may believe O’Neal intended to retaliate against Davis for his numerous complaints about the investigation of the stolen money from his wife’s purse by advising, encouraging or pressuring Lee Patrick Smith to institute criminal proceedings against Davis as alleged in his pleadings and deposition, but the record does not support Davis’s allegation.
*1188 Summary judgment is mandated where the respondent has failed “ ‘to make a showing sufficient to establish the existence of an element essential to that party’s case, and on which that party will bear the burden of proof at trial.’” When a party opposing summary judgment on a claim or defense as to which that party will bear the burden of proof at trial, fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial, and the moving party is entitled to judgment as a matter of law.
Wilbourn, 687 So.2d at 1214, quoting Galloway v. Travelers Insurance Co., 515 So.2d 678, 683 (Miss.1987) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Davis failed to present any evidence to support an essential element of his malicious prosecution claim against the appellees — that the underlying criminal action against Davis was filed at the insistence of Ameris-tar Casino, O’Neal and/or Burns. Accordingly, we affirm the trial court’s decision granting summary judgment in favor of Ameristar Casino Vicksburg, Inc., Dwight O’Neal and Larry Burns.
¶ 10. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT GRANTING SUMMARY JUDGMENT TO THE APPELLEES IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED AGAINST THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.