## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2014-CA-00352-COA

**ROBERT STRATTON**                                                                  **APPELLANT**

**v.**

**JUDY STRATTON USSING**                                                        **APPELLEE**

DATE OF JUDGMENT:                      02/28/2014
TRIAL JUDGE:                                   HON. FORREST A. JOHNSON JR.
COURT FROM WHICH APPEALED:    AMITE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:           WILLIAM D. BOERNER
ATTORNEY FOR APPELLEE:             CAREY R. VARNADO
NATURE OF THE CASE:                   CIVIL - TORTS - OTHER THAN PERSONAL
                                                     INJURY AND PROPERTY DAMAGE
TRIAL COURT DISPOSITION:             GRANTED SUMMARY JUDGMENT IN
                                                     FAVOR OF APPELLEE
DISPOSITION:                                 AFFIRMED - 10/13/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., ISHEE AND MAXWELL, JJ.**

**MAXWELL, J., FOR THE COURT:**

¶1.     Under Mississippi Rule of Evidence 408, evidence of an offer to settle a disputed

claim is inadmissible when the purpose of the evidence is to prove the validity or invalidity

of the claim or its amount.  But the rule is clear that settlement evidence is admissible "when

it is offered for another purpose."  M.R.E. 408.  Here, Judy Stratton Ussing offered evidence

that her brother, Robert Stratton, paid her $10,000 for her to release him from "any and all

claims" she had against him—including a pending criminal charge.  The purpose of this

settlement evidence was not to prove the validity or amount of any claim Judy had against

Robert. Rather, it was to defend herself from the malicious-prosecution lawsuit Robert filed against her. Because Judy offered the release for "another purpose," the circuit court did not abuse its discretion by admitting it.

¶2. But one of the elements Robert must prove to establish malicious prosecution is that the proceedings were terminated in his favor. And on de novo review, we find Robert cannot do so. Though the embezzlement charge against Robert was dismissed, the dismissal was not on the merits. It was instead negotiated by a voluntary monetary settlement between Judy and Robert—an obvious compromise described in the release. We find the nature of this dismissal is fatal to Robert's malicious-prosecution claim, since "dismissal reached as a result of a voluntary settlement or compromise does not constitute a termination in favor of the accused."[1] Because Robert cannot raise a genuine fact issue on this required element of his malicious-prosecution claim, summary judgment was proper.

¶3. We thus affirm.

### Background Facts and Procedural History

¶4. Years before Robert sued his sister Judy in circuit court for malicious prosecution, she sued him in chancery court for breach of fiduciary duty. The chancery action was based on Robert's alleged mishandling of proceeds from timber cut on property in Amite County in which Judy owned an interest.

¶5. On July 13, 2009, while the chancery action was still pending, Judy filed a criminal

---

[1]*Van v. Grand Casino of Miss., Inc.*, 724 So. 2d 889, 892 (¶11) (Miss. 1998).

affidavit in municipal court. This affidavit accused Robert of criminal embezzlement of the timber proceeds. *See* Miss. Code Ann. § 97-23-19 (Rev. 2014). A week after pleading not guilty to the embezzlement charge, Robert entered into a "mutual and full and final release" with Judy. Contrary to its title, the release was primarily one sided. Robert agreed to pay Judy $10,000 for her promise to "release and discharge [Robert] from any and all claims, demands, actions, causes of action[], suits and damages of every kind and nature whatsoever, for the cutting of timber and receipt of timber proceeds[.]" (The only exception was Judy's chancery action—an action the release expressly permitted to continue.) But "[b]oth parties" did mutually "agree not to pursue any of the pending criminal charges filed by either against the other in the State of Mississippi."

¶6.     The release was executed on August 25, 2009. More than three years later, in December 2012, the embezzlement charge against Robert was finally dismissed.

¶7.     Six months later, in May 2013, Robert sued Judy in circuit court. He alleged Judy's filing of the criminal affidavit made her liable for malicious prosecution.[2] Soon after filing

---

[2] In his complaint, Robert also asserted intentional-tort claims (libel, defamation, slander, and intentional infliction of emotional distress) and a general negligence claim. But as Judy successfully argued to the circuit court, only the malicious-prosecution was timely. This is because a malicious-prosecution claim does not accrue until the criminal proceedings are dismissed. *E.g., City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1217 (Miss. 1990). Here, despite Robert and Judy's settlement in August 2009, the pending embezzlement charge was not dismissed until December 2012. So his May 2013 complaint fell within the one-year statute of limitations. *See id.* But Robert's other claims accrued when Judy filed the criminal affidavit in July 2009. So whether these claims fell under a one-year statute of limitations for intentional torts or the general three-year statute of limitations, their limitations periods had run by May 2013. Moreover, Robert conceded Judy intentionally

3

her answer, before any discovery had been completed, Judy moved for summary judgment. She argued the release proved there was no genuine issue of material fact and that she was entitled to a judgment in her favor as a matter of law.

¶8.     For Robert to recover for malicious prosecution, he had to show "(1) the institution of a criminal proceeding; (2) by, or at the instance of, the defendant; (3) termination of such proceedings in [the] plaintiff's favor; (4) malice in instituting the proceeding; (5) want of probable cause for the proceeding; and (6) the plaintiff's suffering of injury or damage as a result of the prosecution." *Strong v. Nicholson*, 580 So. 2d 1288, 1293 (Miss. 1991) (citations omitted).  Specifically, Judy argued Robert could not prove want of probable because of the release, which she claimed was conclusive evidence that probable cause existed to file the criminal affidavit.  Why else, she suggested, would Robert pay her $10,000 other than to stop her from pursuing the embezzlement charge?

¶9.     Robert responded by arguing summary judgment was premature, given neither side had yet to respond to discovery.  But he consented to go forward with the summary-judgment hearing on the sole issue of whether the release entitled Judy to summary judgment.  Robert argued the release was not even admissible, but instead was precluded by Mississippi Rule of Evidence 408.   He claimed the release was evidence of him furnishing valuable consideration to settle the embezzlement charge.  So as he saw it, Judy could not rely on the release to support her summary-judgment motion.  *See* M.R.E. 408.

---

filed the affidavit against him, so he abandoned his negligence-based tort theories.

¶10.    The trial judge disagreed.  Not only did the judge find the release was admissible under Rule 408, but also the judge found the release entitled Judy to summary judgment.  He granted Judy's motion and entered a judgment in her favor.  Robert appealed.

**Discussion**

¶11.    On appeal, Robert argues there were genuine material fact issues precluding summary judgment and urges the release was inadmissible.

*I.      Admission of Release*

¶12.    We begin with Robert's challenge to the release.  Under Rule 408, evidence of furnishing "a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount."  M.R.E. 408.  According to Robert, Rule 408 keeps Judy from offering the $10,000 settlement as proof the embezzlement charge was valid.

¶13.    But Rule 408 is not a blanket ban on settlement offers.  Instead, the rule "only excludes offers when the purpose is proving the validity or invalidity of the claim or amount."  M.R.E. 408 cmt.  "This rule . . . does not require exclusion when the evidence is offered for *another purpose*[.]"  M.R.E. 408 (emphasis added).  And we find Judy offered the release for "another purpose."

¶14.    The release represents Robert's offer to pay Judy $10,000 to release him from "any and all claims" Judy had against him—including the pending criminal charge.  Judy did not offer the release to prove Robert was liable and/or guilty of any of the released claims.  She

5

merely offered it in Robert's separately filed civil lawsuit to defend against Robert's malicious-prosecution claim. *See Wilbourn v. Wilbourn*, 106 So. 3d 360, 373 (¶44) (Miss. Ct. App. 2011) (citation omitted) (holding Rule 408 did not bar admitting a letter, which allegedly contained a settlement offer, because the settlement offer was for a claim other than the one being litigated). So the scenario Rule 408 is meant to prohibit is not in play here.

¶15. Neither does this case square with the stated policy behind the rule. Rule 408 was specifically designed to promote compromises in *civil* litigation. M.R.E. 408 cmt. (noting "public policy favors the out-of-court compromises and settlement of disputes"). And here, the purpose of the release was not to "amicably resolv[e]" a civil lawsuit between the siblings. *Parmley v. 84 Lumber Co.*, 911 So. 2d 569, 573 (¶22) (Miss. Ct. App. 2005). Rather, as Judy sees it, the release was to stop her from pursuing *criminal charges* against her brother. So deeming the release inadmissible under Rule 408 would not promote the public policy behind the rule. *See* M.R.E. 408 cmt.

¶16. Policy issues aside, the rule is clear that evidence of a settlement is admissible if offered for "another purpose." M.R.E. 408. Judy offered the release to prove she was not liable for malicious prosecution—not that Robert was guilty of embezzlement. We thus find no abuse of discretion in the circuit judge's decision to admit the release. *See Armistead v. State*, 805 So. 2d 592, 596 (¶14) (Miss. Ct. App. 2001) (acknowledging decisions about the admission of evidence fall within the trial court's discretion).

## II. Summary Judgment

6

¶17. While we review evidentiary decisions for abuse of discretion, we review grants of summary judgment de novo. *Smith v. Waggoners Trucking Corp.*, 69 So. 3d 773, 776 (¶14) (Miss. Ct. App. 2011) (citation omitted). Mississippi Civil Procedure Rule 56 directs a trial court to render judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). "Rule 56 requires that we view the evidence in the light most favorable to the party against whom the motion has been made." *Smith*, 69 So. 3d at 776-77 (¶14) (citing *Harrison v. Chandler-Sampson Ins.*, 891 So. 2d 224, 228 (¶11) (Miss. 2005)). "If any triable issues of [material] fact exist, we must reverse." *Id.* at 777 (¶14). But "when the nonmoving party 'fails to make a showing sufficient to establish the existence of an element essential to his case and on which he bears the burden of proof at trial,'" we must affirm summary judgment. *Kitchens v. Dirtworks, Inc.*, 50 So. 3d 388, 389 (¶4) (Miss. Ct. App. 2010) (quoting *Borne v. Dunlop Tire Corp.*, 12 So. 3d 565, 570 (¶16) (Miss. Ct. App. 2009)).

¶18. Here, the record does not contain a full array of "depositions, answers to interrogatories and admissions on file, together with the affidavits." Instead, Judy filed her summary-judgment motion before any discovery was complete, based on her argument that the release was enough to entitle her to a judgment as a matter of law.

        A.     *Want of Probable Cause to Initiate Criminal Proceeding*

¶19. One of the elements Robert must prove in his malicious-prosecution claim is "want of probable cause" to initiate the criminal embezzlement proceeding. *Strong*, 580 So. 2d at 1293. According to Judy, the release is proof positive she had probable cause. But under Rule 56, we must view the release in the light most favorable to Robert, the nonmovant. And doing so, we do not find the release conclusively resolves the probable-cause issue.

¶20. "Probable cause is determined from the facts apparent to the observer *when prosecution is initiated*." *Miles v. Paul Moak of Ridgland, Inc.*, 113 So. 3d 580, 585 (¶11) (Miss. Ct. App. 2012) (emphasis added) (quoting *Van v. Grand Casinos of Miss., Inc.*, 767 So. 2d 1014, 1019-20 (¶14) (Miss. 2000)). Here, Judy initiated the criminal prosecution against her brother on July 13, 2009—forty days before the release was entered. The release says nothing about the observable facts as of July 13, 2009, let alone conclusively establishes that on that date there existed both a subjective, honest belief by Judy that her brother was guilty of embezzlement as well as an objectively reasonable basis for that belief. *See id.* ("To establish 'probable cause requires the concurrence of (1) a subjective element—an honest belief in the guilt of the person accused, and (2) an objective element—reasonable grounds for such beliefs.'" (quoting *Strong*, 580 So. 2d at 1294)).

¶21. That Robert was willing to offer $10,000 for Judy to stop pursuing the embezzlement charge may, as Judy asserts, corroborate her honest, reasonable belief Robert embezzled the timber funds. Or it may prove the opposite—that she lacked an honest, reasonable belief, which is why she was so willing to accept money to back off the criminal charge. Or

8

Robert's $10,000 offer may, as Robert argued at the summary-judgment hearing, have been much more about the ongoing civil feud between the siblings. The point being, at the summary-judgment stage, it is not this court's role to determine the real explanation. We must merely decide if this issue is triable. *See* M.R.C.P. 56 cmt. And viewing the release in the light most favorable to Robert, the nonmoving party, we cannot say the release removed all dispute over whether Judy, forty days prior to executing the release, had probable cause to file the criminal affidavit against her brother.

### B. *Proceedings Must Terminate in Plaintiff's Favor*

¶22. But while the release does not factually resolve the probable-cause element, it does "show that there is no genuine issue as to [another] material fact." M.R.C.P. 56(c). Another necessary element Robert must prove is that the criminal proceedings terminated in his favor. *See Strong*, 580 So. 2d at 1293.

¶23. At first blush it appears this element is met, as the embezzlement affidavit against Robert was in fact dismissed. However, not all dismissals are deemed favorable terminations for purposes of malicious-prosecution actions. *Stewart v. Se. Foods, Inc.*, 688 So. 2d 733, 737 n.2 (Miss. 1996). To be coined "favorable termination" in this context, "the dismissal of criminal proceedings must reflect on the merits of the criminal action." *Bearden v. BellSouth Telecomms., Inc.*, 29 So. 3d 761, 764 (¶10) (Miss. 2010) (citing *Van v. Grand Casinos of Miss., Inc.*, 724 So. 2d 889, 893 (¶15) (Miss. 1998)). Generally, a criminal proceeding terminates in the accused's favor "only when [the] final disposition is such as to

9

indicate [his] innocence." *Id.* at 764 (¶11) (quoting Restatement (Second) of Torts § 660 cmt. a (1977)). And most important to this particular case is that, under Mississippi law, "dismissal reached as a result of a voluntary settlement or compromise does not constitute a termination in favor of the accused." *Van*, 724 So. 2d at 892 (¶11) (citing *Jones v. Donald Co.*, 137 Miss. 602, 602, 102 So. 540, 540 (1925)); *see also Stewart*, 688 So. 2d at 737 n.2.

¶24. So no matter how a jury might decide the probable-cause issue, Robert's claim is snagged on the favorable-termination element. That is because the release he negotiated with Judy unquestionably resulted from a voluntary monetary settlement for dismissal of the embezzlement affidavit against Robert.[3] This much is undisputed.

¶25. Because of the compromise-based dismissal, Robert cannot show the criminal proceedings terminated in his favor. Thus, he is unable to create a triable fact issue on this required element of malicious prosecution. *See Kitchens*, 50 So. 3d at 389 (¶4). For this reason, we affirm the circuit judge's order granting summary judgment to Judy.

¶26. **THE JUDGMENT OF THE AMITE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, JAMES AND WILSON, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

---

[3] The release states, "Both parties agree not to pursue any of the pending criminal charges filed by either against the other in the State of Mississippi."

10