# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-01382-SCT

*CONDERE CORPORATION d/b/a FIDELITY TIRE
AND MANUFACTURING COMPANY*

*v.*

*JERRY MOON, SYLVIA MOON AND THOMAS
YOUNG*

| | |
|---|---|
| DATE OF JUDGMENT: | 8/1/2001 |
| TRIAL JUDGE: | HON. FORREST A. JOHNSON, JR. |
| COURT FROM WHICH APPEALED: | ADAMS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | PEYTON S. IRBY |
| | WENDY MOORE SHELTON |
| | JEFFREY K. TYRE |
| ATTORNEYS FOR APPELLEES: | WILLIAM J. LITTLE, JR. |
| | JACK HARANG |
| | STUART H. SMITH |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND RENDERED - 07/01/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COBB, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     At issue in this case is whether Condere Corporation (Condere) was properly found liable for maliciously prosecuting Jerry Moon, Sylvia Moon (hereinafter collectively "the Moons"), and Thomas Young (Young).  Condere sued the Moons and Young in federal court for defamatory remarks made regarding Condere's business.  The federal court dismissed the suit, finding that Condere was a vortex public figure and had not proved the Moons and/or Young knew their statements were false.

¶2. Thereafter, the Moons and Young sued Condere in Adams County Circuit Court for malicious prosecution, abuse of process, and intentional infliction of emotional distress. Condere moved for summary judgment, which the trial court granted. On appeal, this Court reversed and remanded the summary judgment as to the plaintiffs' malicious prosecution claims and affirmed summary judgment on the abuse of process claims. *Moon v. Condere Corp.*, 690 So.2d 1191 (Miss. 1997) (*Moon I*).

¶3. Following trial, a jury found for the plaintiffs on their malicious prosecution claims and awarded $250,000 in compensatory damages and $100,000 in punitive damages to each plaintiff. The trial judge awarded an additional $25,000 in fees and costs to each plaintiff.

¶4. Aggrieved by the trial court's judgment, Condere appeals, assigning the following errors: the trial court's (1) refusal to admit the federal court's opinion into evidence and (2) allowing testimony regarding Moon's unemployment; as well as (3) the prejudicial closing argument of plaintiffs' attorney; (4) the jury's verdict being against the weight of the evidence; (5) the trial court's failure to remit damages for emotional distress and (6) an improper punitive damages instruction. Based on the record before us, we reverse and render in Condere's favor because the element of malice, necessary to find malicious prosecution, was not proven. (Given this disposition, we need not address the other issues.)

## FACTS

¶5. In the summer of 1986, it was announced that Armstrong Tire Company would close its Natchez plant. Condere, a Delaware corporation organized by former management employees of Armstrong Tire, purchased the Natchez plant effective March 17, 1989, and began manufacturing tires under the name of Fidelity Tire Manufacturing Company (Fidelity), a division of Condere. When Fidelity began operations, it hired some of the former Armstrong employees, while not hiring others. Jerry Moon and Thomas Young

2

were among the employees who were not rehired.

¶6.     Condere applied for a ten-year tax exempt status.  One requirement for the exemption was that the applicant had to be a "new business" in Mississippi.  On July 5, 1988, at a hearing convened for the purpose of considering Condere's request, Jerry and Sylvia Moon appeared and made statements alleging, inter alia, that Condere was not a new business.  These statements were broadcast by KNOE-TV (Channel 8) in Monroe, Louisiana, and seen by viewers in Mississippi.

¶7.     On July 14, 1988, acting on behalf of Condere, Scott Kern wrote the Moons informing them that their statements were false and asked that they make retractions.  Kern was told to contact the Moons' attorney William Guy.  On August 17, 1988, Kern wrote Guy explaining the corporate structure of Condere and requested that the Moons retract their statements.  He also stated that "[i]f a correction has not been publicly made by next Thursday, August 25, 1988, I will instruct our counsel to file suit in the Federal District Court in Vicksburg the following day."  No retraction was made, and Condere filed a slander suit against the Moons on August 26, 1988.

¶8.     About four months later, Thomas Young sent a letter to the editor of a local Natchez newspaper which included the allegations that Condere was still linked to Armstrong and added that "Fidelity Tire Company has accepted federal money to 'train' men to do jobs they have had for years!"  On November 18, 1988, Kern wrote a letter to Young demanding a retraction.  Young issued no such retraction, and Condere filed suit for defamation on December 1, 1988 in the United States District Court for the Southern District of Mississippi, Western Division.

¶9.     On October 11, 1989, the federal district court found that Condere Corporation was a vortex public figure.  The court further held that Condere had failed to prove that the Moons or Young "knew that

3

their statements were false or entertained any doubt as to their truth whatsoever." Additionally, the court stated that "the record is devoid of any evidence of actual injury suffered by Condere." The case was dismissed on a summary judgment motion filed by the defendants.

¶10. On August 25, 1989, and November 29, 1989, respectively, the Moons and Young filed suits against Condere in the Adams County Circuit Court, for malicious prosecution, abuse of process, and intentional infliction of emotional distress. The suits were later consolidated. The circuit court found that Condere did have probable cause based on the fact that the United States District Court found elements of a defamation action. The circuit court also held that there was no basis for the plaintiffs' claims of abuse of process and intentional infliction of emotional distress. From this ruling, the Moons and Thomas Young appealed to this Court.

¶11. On March 28, 1997, this Court reversed and remanded the summary judgment on plaintiffs' malicious prosecution claims and affirmed summary judgment on plaintiffs' abuse of process claims. *Moon I*, 690 So.2d 1191 (Miss. 1997). Following a trial on March 22-23, 2001, a jury found for plaintiffs on their malicious prosecution claims and awarded $250,000 in compensatory damages and $100,000 in punitive damages to each of the three plaintiffs. On May 2, 2001, the circuit court entered judgment on the jury verdict. On May 10, 2001, Condere filed an Alternative Motion for Judgment Notwithstanding the Verdict or for a New Trial or to Alter or Amend Judgment or for Remittitur. On August 1, 2001, the court denied Condere's post-trial motion and entered an amended judgment which also awarded $25,000 in fees and costs to each plaintiff.

**STANDARD OF REVIEW**

¶12. In reviewing a trial court's denial of a motion for judgment notwithstanding the verdict under Miss.

4

R. Civ. P. 50 (b), this Court:

> must look at all of the evidence--not just that which supports the Appellees' case--in the light most favorable to Appellees, [the Moons and Young]. The credible evidence tending to support the Appellees' case must be taken as true. Appellees must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Evidence favorable to the Appellants must be disregarded if it is contradicted or its credibility is otherwise called into question. If the facts and inferences, so considered, point so overwhelmingly in favor of the Appellants that reasonable persons could not have arrived at a contrary verdict, we must reverse. On the other hand, if there is substantial evidence supporting the verdict, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the jury verdict and the judgment entered thereon must be allowed to stand, and we, accordingly, have no authority to interfere.

> These principles have been stated in cases too numerous to cite. We have enforced them in malicious prosecution cases the same as in any other context where an appellant challenges a jury verdict in a civil action.

*Strong v. Nicholson*, 580 So.2d 1288, 1292 (Miss. 1991) (citations omitted). By the same token, this Court may overturn a jury verdict if it is against the overwhelming weight of the evidence, or if damages are excessive or inadequate because either the jury was influenced by passion, prejudice or bias, so as to shock the conscience. *Junior Food Stores, Inc. v. Rice*, 671 So.2d 67, 76 (Miss. 1996).

## ANALYSIS

¶13.    The elements of the tort of malicious prosecution are:

(1) The institution of a proceeding

(2) by, or at the insistence of the defendant

(3) the termination of such proceedings in the plaintiff's favor

(4) malice in instituting the proceedings

(5) want of probable cause for the proceedings

(6) the suffering of injury or damage as a result of the prosecution.

*McClinton v. Delta Pride Catfish, Inc.*, 792 So.2d 968, 973 (Miss. 2001).  All six of these elements must be proven by a preponderance of the evidence.  *Van v. Grand Casinos of Mississippi, Inc.*, 724 So.2d 889, 891 (Miss. 1998).

¶14.    Condere argues that the jury's verdict was against the weight of the evidence and supported by insufficient evidence, specifically asserting that the Moons and Long "presented no reason for the jury to believe Condere lacked probable cause or acted maliciously when filing the underlying defamation action," citing *McClinton* and *Robb v. United States Fid. & Guar. Co.*, 798 F.2d 788 (5th Cir. 1986).

¶15.    The first three elements necessary to prove malicious prosecution were not in dispute in this case. Condere filed a civil suit against the Moons alleging slander, and a separate suit against Thomas Young alleging defamation.  The United States District Court for the Southern District of Mississippi found, in its memorandum opinion and order, that Condere was a vortex public figure and its "activities were the subject of fair comment,"[1] and  dismissed both lawsuits with prejudice on the Moons' and Young's motions for summary judgment.

¶16.    In *Moon I*, 690 So.2d at 1196, this Court found that "a fair minded jury might conclude that [the defamation suits were] brought without probable cause."  In other words, summary judgment was improper because a jury question was presented on the issue of probable cause.  After review of the record, we find that the jury's finding in favor of the plaintiffs on the probable cause issue was not against the weight of the evidence.  The plaintiffs produced the testimony of Dennis Terwilliger, president of Condere, who made

---

[1]  See *Moon I*, 690 So. 2d 1191, 1195-96 (Miss. 1997).

6

the decision to file the defamation suits without any knowledge of the term vortex public figure, or the consequences of its possible application. Under the circumstances the jury could find that Condere did not have a reasonable belief of a good chance of success, but that is not the ultimate issue.

¶17.    The failure to establish the element of malice is what defeats the plaintiffs' claims. As to that element, this Court has stated:

> Malice does not refer to mean or evil intent, as a layman might ordinarily think. Rather, malice in the law of malicious prosecution is a term used in an artificial and legal sense. It connotes a prosecution instituted primarily for a purpose other than that of bringing an offender to justice. *Benjamin v. Hooper Electronic Supply Co.,* 568 So.2d at 1191; *Royal Oil Co., Inc. v. Wells,* 500 So.2d at 444; *Owens v. Kroger Co.,* 430 So.2d at 847; *State Life Insurance Co. of Indianapolis v. Hardy,* 189 Miss. 266, 277, 195 So. 708, 713 (1940). As such, it refers to the defendant's objective, not his attitude.
>
> Malice may be and usually is shown by circumstantial evidence. The jury may infer malice from the facts of the case. *Benjamin,* 568 So.2d at 1191; *Royal Oil,* 500 So.2d at 444; *Owens,* 430 So.2d at 847. Malice may be inferred as well from the fact that a defendant may have acted with reckless disregard for the plaintiff's rights. *Benjamin,* 568 So.2d at 1191.

***Strong v. Nicholson***, 580 So.2d at 1293.

¶18.    Although in ***Owens v. Kroger Co,*** 430 So. 2d 843, 848 (Miss. 1983), this Court acknowledged the general rule that malice is a jury question, we also stated that "[u]nlike probable cause, the question of malice is to be determined by the jury **unless only one conclusion may reasonably be drawn from the evidence.**" (emphasis added) (citing ***Brown v. Watkins***, 213 Miss. 365, 56 So.2d 888 (1952)).

¶19.    The Moons and Young argue that because Condere was not primarily interested in damages, but rather in a retraction of the statements made by the Moons and Young, it acted with malice, because the

only proper purpose of a defamation[2] suit is damages. In other words, Condere should be punished because its real intention was clearing its name instead of financially damaging the Appellees. "The gravamen of action for libel is . . . degrading of reputation." *Forman v. Miss. Publishers Corp.*, 195 Miss. 90, 14 So.2d 344 (1943). Condere used available civil law remedies to attempt to show that others were making false and damaging statements against it. This is not an improper objective. *See also McClinton*, 792 So.2d at 974 (shortages in inventory was reasonable concern for any business and did not amount to malice where it was basis for investigation and prosecution of Appellant).

¶20.    Reviewing all the evidence in the light most favorable to the Moons and Young, as we must on a motion for JNOV, we find that reasonable persons could not have found that Condere acted with malice in this case. The circuit court's judgment against Condere is reversed, and judgment is rendered in favor of Condere.

## CONCLUSION

¶21.    In 1988 the Moons and Youngs set in motion a series of statements and acts which resulted in sixteen years of litigation. This Court, on a deeply divided vote in *Moon I*, provided them the opportunity to present their case to the Adams County Circuit Court jury which returned a verdict in their favor. Although the trial court denied Condere's motion for judgment notwithstanding the verdict, this Court, after reviewing all the evidence in the record regarding the question of malice, determines that only one

---

[2] The terms defamation, libel, and slander have been used somewhat loosely and interchangeably in this case since its inception, although that would not make a difference in the result which we reach today. Defamation is defined as "[t]he act of harming the reputation of another by making a false statement to a third person." Black's Law Dictionary 427 (7th ed. 1999). "Libel is written or visual defamation; slander is oral or aural defamation. Robert D. Sack & Sandra S. Baron, *Libel, Slander, and Related Problems* § 2.3, at 67 (2d e. 1994) *Id.* at 927.

conclusion may reasonably be drawn from the evidence. It is so overwhelmingly in favor of Condere that reasonable persons could not have arrived at a contrary verdict. Thus, the judgment of the Adams County Circuit Court is reversed, and judgment is rendered in favor of the Condere Corporation.

¶22. **REVERSED AND RENDERED**.

    **SMITH, C.J., WALLER, P.J., CARLSON AND DICKINSON, JJ., CONCUR. EASLEY AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION. DIAZ AND RANDOPH, JJ., NOT PARTICIPATING.**