CARLTON, J.,
for the Court:
¶ 1. Christopher McCreary filed suit against the City of Gautier, Mississippi, and two of its police officers, Officer Derrick Welton and Chief of Police Eddie Williams (collectively, the City and the officers), alleging that he was attacked by a K-9 police dog after he was stopped for a traffic violation. The Circuit Court of Jackson County granted summary judgment to both the City and the officers after finding that the City and the officers were immune from liability pursuant to Mississippi Code Annotated section 11-46-9 (Rev. 2002). McCreary now appeals. Finding no error, we affirm.
FACTS
¶ 2. On October 1, 2009, Officer Derrick Welton[1] of the City of Gautier Police Department approached a vehicle driven by McCreary after observing that the tint on the vehicle’s windows was too dark. Officer Welton, accompanied by a K-9 police dog, requested McCreary to stop his vehicle for inspection. The order from the County Court of Jackson County reflects that McCreary verbally refused to stop his vehicle per Officer Welton’s commands, and McCreary continued to drive past the officer.
¶ 3. Officer Welton pursued McCreary’s vehicle on foot until McCreary pulled his vehicle to a stop in front of the Fast Trac gas station. McCreary exited his vehicle and then began to rapidly approach Officer Welton, despite Officer Welton’s commands for him to remain inside of the vehicle. Officer Welton proceeded to arrest McCreary for disorderly conduct. McCreary was then engaged by Officer Welton’s K-9 police dog.
¶ 4. The police dog released McCreary after a command from Officer Welton, and an ambulance and backup police officers were called. Officer Welton ordered McCreary to move to the rear of McCreary’s vehicle, but McCreary refused to do so. Once the backup officers arrived at the scene, McCreary eventually moved to the rear of his vehicle, where Officer Brad Byers proceeded to pat down McCreary and place him under arrest. When Officer Byers attempted to handcuff McCreary, McCreary verbally and physi *706 cally resisted. McCreary was then placed under arrest for a window-tint violation, disorderly conduct, misdemeanor possession of marijuana, and resisting arrest.
¶ 5. On October 26, 2009, McCreary pled guilty to possession of marijuana in the Gautier Municipal Court. However, the court found McCreary guilty on all other charges relating to the October 1, 2009 incident. On appeal, the County Court of Jackson County affirmed the municipal court’s order, finding McCreary guilty on all charges except for the window-tint violation. Specifically, the county court judge found:
McCreary verbally refused to stop his vehicle per the officer’s commands and continued past the officer.
Officer Welton gave foot pursuit after [McCreary’s] vehicle until he pulled to a stop in front of the gas station. Officer Welton commanded [McCreary] to remain in the vehicle. For the second time, [McCreary] acted in direct contradiction to the officer’s commands and exited his vehicle rapidly, approaching Officer Welton. At this point, Officer Welton had probable cause to arrest ... McCreary for disorderly conduct. [McCreary] was then engaged by Officer Welton’s K-9 unit.
The K-9 unit released [McCreary] per Officer Welton’s command, and an ambulance and backup officers were called. Officer Welton commanded [McCreary] to move to the rear of his vehicle, but he refused until backup arrived. Officer Brad Byers arrived as backup and proceeded to pat down [McCreary] and place him under arrest. When Officer Byers attempted to handcuff McCreary, [McCreary] verbally and physically resisted. Probable cause existed for a citation based on resisting arrest. [McCreary] was then placed under arrest for window tint violation, disorderly conduct, and resisting arrest.
¶ 6. McCreary then filed the suit now before us in the Circuit Court of Jackson County, alleging that he suffered injuries to his arm after being attacked by the police dog. McCreary claimed that the dog attacked him without warning, bit down on his arm, and violently shook his arm for several minutes. McCreary stated that Officer Welton waited several minutes before commanding the dog to release McCreary. McCreary also asserted the following claims against the City and the officers: (1) injunctive relief prohibiting future similar conduct; (2) negligence, gross negligence, and “wanton failure in hiring, monitoring, training, and supervision”; (3) intentional and/or negligent infliction of emotional distress; (4) assault and battery; and (5) malicious prosecution. The circuit judge found that under section 11-46-9, the City and the officers were exempt from liability for McCreary’s allegations of negligence, gross negligence, and “wanton failure in hiring, monitoring, training, and supervision”; intentional and/or negligent infliction of emotional distress; and assault and battery. With regard to McCreary’s claims for injunctive relief and malicious prosecution, the circuit judge granted summary judgment to the City and the officers. Specifically, the circuit judge found that McCreary failed to satisfy any of the elements of malicious prosecution. The circuit judge also held that McCreary failed to provide facts to support his injunctive-relief claim; that McCreary lacked an adequate remedy at law; and that McCreary failed to show what irreparable damages, if any, would result if injunctive relief was not afforded.
¶ 7. McCreary now appeals the circuit judge’s grant of summary judgment to the City and the officers, arguing: (1) the City and the officers were not immune under *707 section 11-46-9; and (2) the circuit judge failed to properly analyze the elements of malicious prosecution.
STANDARD OF REVIEW
¶ 8. This Court’s standard for reviewing a trial court’s grant or denial of summary judgment is de novo. Waggoner v. Williamson, 8 So.3d 147, 152 (¶ 11) (Miss.2009) (citing One S., Inc. v. Hollowell, 963 So.2d 1156, 1160 (¶ 6) (Miss.2007)). Summary judgment is appropriate where “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). In addition, “[t]he moving party has the burden of demonstrating that no genuine issue of material fact(s) exists, and the non-moving party must be given the benefit of the doubt concerning the existence of a material fact.” Waggoner, 8 So.3d at 152-53 (¶ 11) (citations omitted).
DISCUSSION
I. Section 11-46-9
¶ 9. McCreary argues that the circuit judge improperly applied section 11 — 46-9(l)(e) to the faets of this case, claiming that the circuit judge only considered the last part of section 11 — 46—9(l)(c) and thus the circuit judge ruled only on McCreary’s behavior — and disregarded Officer Wel-ton’s behavior — on the night of McCreary’s arrest. Specifically, McCreary alleges that the record and the circuit court’s order failed to address whether Officer Welton “acted with reckless disregard of the safety and well being of any person.” McCreary claims that the circuit judge failed to examine Officer Wel-ton’s conduct in view of section 11-46-9(1 )(c), which McCreary contends is reversible error.
¶ 10. The Mississippi Tort Claims Act, Mississippi Code Annotated sections 11-46-1 to -23 (Rev. 2002 & Supp. 2011), provides the exclusive remedy against a governmental entity and its employees for acts or omissions that give rise to a suit. Lang v. Bay St. Louis/Waveland Sch. Dist., 764 So.2d 1234, 1236 (¶9) (Miss.1999). Section .11-46-9 provides that a governmental entity and its employees acting within the course and scope of their employment shall not be liable for any claim based upon an act or omission enumerated in the statute. If the act or omission falls under the subsections of section 11-46-9, and the employee acts within the course and scope of his employment, then the governmental entity is exempt from liability. Lang, 764 So.2d at 1237 (¶ 10).
¶ 11. The applicable provision is section ll-46-9(l)(c), which states that a governmental entity shall not be liable for any claim
Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the same time of the injury.
¶ 12. McCreary argues that the timing of the injury is an important factor to consider under 11 — 46-9(l)(c), since he contends this statute only applies to claims brought by individuals who are engaged in criminal activity at the time of injury. McCreary asserts that his version of the facts reflects that the police dog bit him before he could exit his vehicle, and not after he exited the vehicle, as stated by Officer Welton. McCreary claims that this indicates he was not engaged in criminal activity at the time he was attacked by the *708 police dog, and he contends that the question of whether he was engaged in criminal activity should have been submitted to a jury for determination.
¶ 13. For recovery from a governmental entity to be barred because of the victim’s criminal activity, the criminal activity must have some causal nexus to the wrongdoing of the tortfeasor. City of Jackson v. Perry, 764 So.2d 373, 379 (¶ 25) (Miss.2000). Jurisprudence recognizes that section 11-46-9 was “not designed to protect grossly negligent or intentional tortfeasors from liability where the fact that the victim is engaged in a criminal activity is merely fortuitous and has no relation to the transaction out of which the liability would otherwise arise.” Id.
¶ 14. In this case, the circuit judge found a causal nexus between McCreary’s apprehension for a window-tint violation and the subsequent criminal charges, stating:
The substance of [the City and the officers’] motion is that recovery is precluded by the Mississippi Torts Claims Act pursuant to [Mississippi Code Annotated section] 11-46-9 et seq. [County Court] Judge Wilson’s order specifically found that Officer Welton had probable cause to stop [McCreary] was illegal window tint. [McCreary] failed to obey Officer Welton’s commands to stop his vehicle. Once stopped, [McCreary] exited his vehicle rapidly, approaching Officer Wel-ton. It was at this point that [McCreary] was engaged by the K-9. The fact that there was a causal nexus between [McCreary’s] criminal activity and his subsequent apprehension by the K-9 unit is enough to trigger the liability exemption contained in [section] 11-46-9(l)(c).
Although [McCreary] was not found guilty of illegal window tint, Judge Wilson nevertheless found probable cause for the initial stop. As the dog was employed in connection with [McCreary] resisting a lawful arrest, the causal connection is evident.
¶ 15. The record before us supports a showing of probable cause for the stop and subsequent arrest for disorderly conduct and resisting arrest. The record also shows that the county court judge found that McCreary refused and disobeyed direct commands from Officer Welton prior to being apprehended by the police dog. Additionally, the supreme court explained in Mississippi Department of Public Safety v. Durn, 861 So.2d 990, 997 (¶ 20) (Miss.2003), that “[w]here an officer has probable cause to arrest and proceeds to do so, there is the requisite nexus between criminal activity and the action causing injury.” The supreme court further established that “[misdemeanor traffic offenses are criminal activities within the statute.” Id.
¶ 16. McCreary also contends that the circuit judge failed to examine whether Officer Welton acted within the course and scope of his job, or whether he acted with reckless disregard. McCreary argues that the circuit judge should have considered how Officer Welton handled the police dog when McCreary received his injuries.
¶ 17. In Tory v. City of Edwards, 829 So.2d 1246, 1249-50 (¶ 16) (Miss.Ct.App.2002), this Court rejected the contention that the trial judge was required to make a finding as to whether the officers’ conduct was in reckless disregard for the safety of others. The Tory court reasoned that such a finding would have removed the statutory requirement that “an individual bringing suit against a law enforcement officer not be involved in criminal activity at the time of injury.” Id. In recognizing this Court’s decision in Tory, the supreme court reasoned that “[t]he Legislature de *709 cided to limit the recovery rights of individuals injured while committing criminal acts, and we decline to circumvent this reasonable decision.” Estate of Williams ex rel. Williams v. City of Jackson, 844 So.2d 1161, 1166 (¶ 20) (Miss.2003). However, even viewing the facts in a light most favorable to McCreary, we find no evidence that the City or the officers acted outside of the course and scope of employment, or that their conduct rose to the level of reckless disregard based upon the facts in this record, including the findings in the county court’s judgment of conviction.
¶ 18. After our review, we find that the record supports the finding of a causal nexus between McCreary’s actions and his apprehension by the police dog and subsequent arrest. See Perry, 764 So.2d at 380 (¶29). We find no error in the circuit judge’s determination that the City and officers are exempt from liability under section ll-46-9(l)(c). This issue is without merit.
II. Malicious Prosecution
¶ 19. McCreary next asserts as error the circuit judge’s grant of summary judgment in favor of the City and the officers on the claim of malicious prosecution. McCreary argues that the circuit judge erred by only addressing one of the six elements required to prove malicious prosecution — termination of the proceeding in the plaintiffs favor.
¶ 20. The Mississippi Supreme Court has established the elements of the tort of malicious prosecution are:
(1) The institution of a proceeding
(2) by, or at the insistence of[,] the defendant
(3) the termination of such proceedings in the plaintiffs favor
(4) malice in instituting the proceedings
(5) want of probable cause for the proceedings
(6) the suffering of injury or damage as a result of the prosecution.
Condere Corp. v. Moon, 880 So.2d 1038, 1042 (¶ 13) (Miss.2004). All six of these elements must be proven by a preponderance of the evidence, and the burden is on McCreary, as the plaintiff, to establish each element of the claim. McClinton v. Delta Pride Catfish, Inc., 792 So.2d 968, 973 (¶ 9) (Miss.2001); Van v. Grand Casinos of Miss., Inc., 724 So.2d 889, 891 (Miss.1998). “When a party opposing summary judgment on a claim or defense as to which that party will bear the burden of proof at trial, fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial, and the moving party is entitled to judgment as a matter of law.” Wilbourn v. Stennett, Wilkinson & Ward, 687 So.2d 1205, 1214 (Miss.1996) (quoting Galloway v. Travelers Ins. Co., 515 So.2d 678, 684 (Miss.1987)).
¶ 21. As stated, the record shows that McCreary’s criminal charges of disorderly conduct and resisting arrest were affirmed by the county court. McCreary also pled guilty to the charge of possession of marijuana. As such, we find that the criminal proceedings did not “terminate in [McCreary’s] favor”; therefore, the facts before us fail to satisfy the third element of the malicious-prosecution claim. See McClinton, 792 So.2d at 973 (¶ 9). Additionally, the county court found that probable cause existed to arrest McCreary for each of the charges, thus eliminating the fifth element of the malicious-prosecution claim. See id. After our review of the record, we find that McCreary has failed to prove all six elements necessary for a claim of malicious prosecution. Therefore, we find no error in the circuit court’s grant *710 of summary judgment to the City and the officers.
¶ 22. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. RUSSELL, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. The record reflects that Officer Welton was stationed in the parking lot of a Fast Trac gas station at the time he observed McCreary’s vehicle.